EPHRAIM H. POOLE, plaintiff in error, *vs.* ELLA S. HINES, defendant in error.

1. Where an administrator liquidates a debt due by his intestate on an open account by giving a promissory note therefor and signing the same in his representative character, the holder of the note may maintain an action thereon against the administrator as such, provided he will allege in the declaration, and prove at the trial, the consideration or account for which the note was given.
2. If the action be brought against the administrator as an individual, the pleadings may be amended by inserting his representative character and making the necessary averments showing that the debt is properly chargeable on the estate.
3. Under this rule the amendment offered by the plaintiff was a proper amendment, and should have been allowed.
4. The fact that a minor has married by the consent of her parents, or that on becoming a widow, while she is yet in her minority, she has administered on her husband's estate with such consent and by permission of law, does not bind her individually on a note which she has given for an account due by her deceased husband.

Administrators and executors.   Amendment.   Husband and wife.   Infant.   Before Judge KIDDOO.   Decatur Superior Court.   May Term, 1874.

Ephraim H. Poole brought complaint against Ella S. Hines on a note dated March 30th, 1867, due at six months, payable to Hodgkiss, Scott & Company, or order, for $2,496 89, with the indorsement of the payees and divers credits thereon.   The note was signed thus : " Ella S. Hines, adm'x on est. D. P. Hines."   The defendant pleaded the general issue and infancy.

The plaintiff introduced the note sued on and closed. The defendant showed that she was a minor at the date of the note. For the purpose of avoiding this plea, the plaintiff proposed to show the marriage of the defendant and her administration upon her husband's estate, all by her parents' consent. The evidence was excluded and plaintiff excepted.

The plaintiff proposed to amend his declaration by alleging as follows: "Said note was given by said defendant as an individual and was intended to bind the estate of D. P. Hines for a debt on an open account, a copy of which is hereto annexed, made by D. P. Hines, deceased, in his lifetime. The articles mentioned in said account were sold to the said D. P. Hines in due course of trade. After his death the said Ella S. Hines became administratrix upon his estate, and the said account being recognized by said Ella S. Hines, as administratrix, as aforesaid, as being a just debt, due by the said estate to your petitioner, she as administratrix as aforesaid, gave the said note for the amount of said account. The goods charged in said account, for which said note was given, were used and disposed of for the benefit of said estate, and said note was intended to bind said estate."

To this amendment was attached an itemized account.

The court refused to allow the amendment, and plaintiff excepted.

The court charged the jury, without qualification, that if they believed the defendant to have been under age at the time the note was given, they must find for her. To which charge the plaintiff excepted.

The jury found for the defendant. The plaintiff moved for a new trial, alleging error upon each of the aforesaid grounds of exception. The motion was overruled and the plaintiff excepted.

WHITELY & DONALDSON; B. B. BOWER, for plaintiff in error.

JOHN C. RUTHERFORD; GURLEY & RUSSELL, for defendant.

TRIPPE, Judge.

1. The note given by the administratrix did not extinguish the debt against the estate. Indeed, the amendment which was proposed to be made to the pleadings, expressly charges that it was intended to bind the estate. In *Wylly vs. Collins & Company*, 9 *Georgia*, 223, it was held that one simple contract does not merge or extinguish another; that a bill, acceptance, or promissory note, either of the debtor or a third person, is not a payment or extinguishment of a debt, unless accepted as such; that the circumstances of the note being given by an agent of the principal debtor, cannot vary the question; that if the written promise of the principal debtor does not discharge the debt, *a fortiori*, the note of the agent can have no higher efficacy, and that taking the note of the manager of a trust estate, for goods which went to the use of the *cestui que trust*, does not relieve the trust estate from liability. These general principles, which are not disputed in this case, clearly show that the estate of Hines was still liable for the goods he purchased in his lifetime. The note was signed by "Ella S. Hines, administratrix on estate of D. P. Hines." Why, then, may not an action be brought on this, provided the declaration sets out the consideration or account for which it was given? It may not be necessary that all this should done; and yet a note thus taken by a creditor may impose a burden on him to show what has become of that note before he can obtain judgment on the original consideration. The protection of the one who gives the note may require this, and if the person who thus signs a note is also the representtive of the estate, and is sued as such, it is the safest way to set forth the whole transaction, the note and the account for which it is given, and thus dispose at once of every question in the case. It cannot injure the representative of the estate either in her representative or individual character, but offers the surest protection to both, by furnishing a record which not only covers the matter as to her liability as a representative, but disposes of the note also. If the administratrix had given

merely a written acknowledgment of the debt, which would constitute a revival of it, if barred by the statute of limitations, as allowed by section 2542 of the Code, or would make a new starting point from which the statute would commence running, that might well be set out in the declaration, and it might be necessary to allege it. So in this case, if the whole transaction be fully set forth in the pleadings, and it shows a debt for which the estate is liable, or that the defendant, in her representative character, should pay, the action is maintainable : See 23 *Georgia,* 49.

2. Section 3487 of the Code enacts that in an action by or against an individual, the pleadings may be amended by inserting his representative character. This may include other necessary averments showing that the debt is properly chargeable on the estate.

3. Under this rule, an amendment setting out the representative character of the defendant, and such facts as would show the liability of the estate she represents, should have been allowed. The court could, by proper terms imposed on the party amending, protect the rights of the defendant from all damage by surprise, etc. Where the same parties are in court that would be brought in by a new suit, and the debt is the same, there is no good reason why such amendments should not be allowed. As to the rights of assignees of choses in action, see section 2244 of the Code.

4. The fact that a female, who is a minor, married by the consent of her parents, or that on becoming a widow she has administered on her husband's estate, does not bind her individually on a note given by her, whilst a minor, for an account due by her deceased husband, and the court below was not in error in its ruling on this question.

Judgment reversed.