J. H. ALDERMAN et als. v. W. L. RIVENBARK and wife.

*Issues—Consideration—Mortgage.*

4. No issue is necessary when the facts are not disputed.

2. Where A is indebted to B, by notes secured by a mortgage, and C executes his notes to B in satisfaction of the debt, who delivers up A's notes and cancels the mortgage, and A executes his notes, secured by mortgage to C for the same debt; *It was held*, that the discharge of the debt by B is a sufficient consideration, and that C can collect the notes of A and foreclose the mortgage, before he has paid the debt to B.

3. A bond to stay execution, which provides that the obligors will be responsible for any damages which may arise on account of the acts of the appellant in committing waste, &c., is not a *supersedeas* bond within the meaning of *The Code*, §§435, 554; which contemplate a bond upon which summary judgment may be rendered in the Supreme Court upon the affirmation of the judgment of the Court below.

4. Where the undertaking on appeal for the costs and the undertaking to stay execution are in one instrument, the appellee, upon filing

the proper proofs of the insolvency of the surety, is entitled to have the appeal dismissed, as prescribed by *The Code*, §554,but where the two undertakings are separate and distinct, the appellant has a right to have his appeal heard, although the surety to the undertaking to stay execution is insolvent.

CIVIL ACTION, tried before *Clark, Judge*, and a jury, at September Term, 1886, of PENDER Superior Court.

There was a judgment for the plaintiffs, and the defendants appealed.

The facts appear in the opinion.

*Mr. W. N. Jones*, for the plaintiffs.
No counsel for the defendants.

SMITH, C. J.   The defendants being indebted to the partnership of Worth & Worth, executed their notes therefor, and made a mortgage to secure them to said firm.   On April 7th, 1884, the present plaintiffs having substituted their own notes in place of those held by Worth & Worth, which were surrendered to the defendants and the mortgage deed satisfied and cancelled, the defendants executed, for the extinguished indebtedness due Worth & Worth, their two notes under seal, each in the sum of $750, payable respectively on the first day of January and July ensuing, to the plaintiffs, and at the same time to secure them, a mortgage of real and personal property.   To recover judgment on their notes and payment thereof by a foreclosure of the mortgage and a sale of the property conveyed in order that the proceeds be applied in their discharge, is the object of the present suit, the summons in which issued on September 2d, 1885.

The facts are not controverted, but the defendants insist that the plaintiffs cannot proceed to enforce the mortgage and collect the secured notes, until they have first paid their debt to Worth & Worth; and further, that rents and

profits have come into their hands for which they should account before any order of sale is made. The record does not show that any issues were put in form and submitted to a jury, while it is recited in the judgment that the trial was before a jury, and that their findings upon all the issues were in favor of the plaintiffs. In the statement of the case is found a single issue—"does the defendant owe the sum of money demanded by the plaintiffs?"—to which the answer is yes. The facts not being in dispute out of which arises the question of law brought up by the defendants' appeal for review, with the ruling of the Court thereon, no issue as to them was necessary. The charge asked and refused, and that given instead, to which the exceptions are confined, while delivered, and reiterated as an assignment of error in the motion for a new trial, are as follows:

"Upon the trial of the cause, the defendants' counsel requested his Honor in writing to charge the jury, 'that unless, and until the plaintiffs in this action have paid the debt originally due by the defendants to Worth & Worth, they have no right to recover of the defendants the debt mentioned in the complaint and secured by mortgage, nor to the foreclosure of said mortgage.'

His Honor declined so to instruct the jury, but instructed them, 'that if the plaintiffs had paid off and taken up the defendants' note by their own note to Worth & Worth, it was immaterial whether plaintiffs' note to Worth & Worth had been paid or not.'"

There is no error in declining to give the requested charge, nor in that given in its stead. The surrender of the notes held by Worth & Worth to the defendants, and the satisfaction of the mortgage security, were a full discharge of the obligations of the defendants created by either, and as effectual for the protection of the latter as would be the same result, produced by payment in money or other article of value. This was ample consideration, in the view of a Court

·of Equity, to sustain the obligations entered into with the plaintiffs, by whose assumption of the defendants' liabilities, this exoneration had been brought about.   The facts authorized this ruling, as a matter of law, and without inferences or presumptions, to require the intervention of a jury to make.   There is no error.

Preliminary to the hearing, the plaintiffs having obtained a rule against the defendants to which no answer was made, and upon a suggestion supported by affidavit, of the insolvency of the surety to the *supersedeas* undertaking entered into in the Court below, moved to dismiss the appeal under §654 of *The Code*.   This enactment, providing for an appeal from a judgment directing the payment of money, and prescribing the form of the undertaking which shall suspend the issue of execution, declares that when subsequently, insolvency of the securities occurs, and a new undertaking shall be required and not be given, "the appeal *may*, on motion to the Court, *be dismissed*."

The statement on appeal settled by the Court, shows that the appellant was allowed to give an undertaking on appeal fixed at $25, which was executed, and the surety justified his sufficiency as prescribed by law.   Of this no complaint is made.   A *supersedeas* bond was also authorized, the amount being fixed at $700, which was also given and justified, of which a copy, separated from the transcript, is sent up with the papers constituting the case.   This instrument, after reciting the action of the Court and an agreement that the appellant Washington L. Rivenbark will not commit. or suffer waste to be committed on the premises, and if the judgment be affirmed he will pay for the use and occupation meanwhile, and further that he will make good any deficiency in the proceeds of sale to meet the debt and deliver possession, thus concludes : " Now, if the said W. L. Rivenbark shall prosecute his said appeal with effect, or in case he shall fail therein, and have the said cause decided against him, and

he shall neither commit or permit waste of the premises as aforesaid, and shall pay the value of the use and occupation of aforesaid premises, and pay any deficiency arising upon the sale of said mortgaged premises, until the delivery of possession thereof, then and in that case, this obligation to be void and of no effect, otherwise to remain in full force and virtue."

It is quite manifest that this bond is not to secure the fruits of an unsuccessful appeal, and the full recovery of what may be adjudged to the appellee in the appellate Court, but is taken as a subsidiary security against damages that may result from the suspension of action under the judgment, and the defendant being left in possession.

It does not conform to the requirements of the statute when it is to operate as a *supersedeas* or stay of execution, as provided in §§554 and 435 of *The Code*, the purpose of which is to have a summary judgment in the Supreme Court for what sum shall be there directed to be paid. There could be no such summary judgment entered upon it here, for it covers damages to be afterwards ascertained, and belongs to the further proceedings to be had in the Court below.

Besides these innate defects of the bond as an undertaking on appeal to be enforced in this Court, the sum fixed by the Court is wholly insufficient, being less than one half of the sum adjudged to the plaintiffs.

The parties seem to have taken this view, for their first movement towards obtaining other security was before the clerk of the Superior Court, and manifestly, there the relief must be sought.

Again, the cause is properly constituted in this Court by filing with the transcript the justified undertaking for $25, and the appeal ought not to be dismissed, under these circumstances, though if the undertakings were in one, so that the surety's insolvency would affect both, the appeal might be dismissed.

We have for the reasons stated declined to grant the motion to dismiss, and passed upon the merits.

Let this be certified for further proceedings in the Court below.

No error.                                    Affirmed.