REED *et al.,* by next friend, *v.* BARBER *et al.*

**Inasmuch as the writ of ne exeat " issues to restrain a person from leaving the jurisdiction of the State," a petition for a writ of this nature, based on paragraph 3 of section 4886 of the Civil Code, does not afford any ground for ordering such a writ to issue, when it fails to allege that the defendant is removing, or about to remove, beyond the limits of the State, either himself or his property, or the specific property in which the plaintiff claims an interest.**

Argued March 20,— Decided April 10, 1900.

Petition for writ of ne exeat.  Before Judge Henry.  Polk county.  January 9, 1900.

*William R. Leaken* and *Sanders & Davis,* for plaintiffs.
*W. C. Bunn* and *B. H. Hill,* for defendants.

COBB, J.　This was an application for a writ of ne exeat to prevent the defendants from leaving the jurisdiction of the State. The plaintiffs claimed to own a remainder interest in a tract of land from which the defendants were removing certain ore. The law provides that a writ of ne exeat may issue to restrain a person from leaving the jurisdiction of the State, at the instance of a remainderman, against any one attempting to remove the property in which such remainder exists, or may contingently exist.　Civil Code, § 4886.　It is, however, indispensable to the issuance of the writ that the applicant should allege that the defendant is removing, or about to remove, *beyond the limits of the State,* either himself or his property, or the specific property to which the applicant claims title or in which he claims an interest, and in addition to this that he has no adequate remedy at law. Civil Code, § 4887; *Old Hickory Distilling Company* v. *Bleyer,* 74 *Ga.* 201 (h).　The mere removing of the property from place to place within the State, or the changing of residence by the defendant from place to place within the State, will not be a sufficient reason to authorize the writ of ne exeat; for two very simple reasons:　first, the court would not issue a writ commanding a person not to leave the State, when he is showing no disposition whatever to go beyond its limits; and second, so long as the defendant is in the State and has his property located in this State, the laws of the State afford adequate remedy for any one who is aggrieved by his conduct.　While the plaintiffs in their application distinctly alleged that the defendants were removing ore from the land, it was not alleged either that they were removing or about to remove the same beyond the limits of the State, or that they were so removing or about to remove either themselves or any of their property.　The allegations in the petition were not sufficient to authorize the issuance of the writ of ne exeat, and the judge did not err in refusing to sanction the application.

*Judgment affirmed.　All the Justices concurring.*