## LAPIERRE *v.* WEBB *et al.*

1. An amendment to a petition brought by one in his individual capacity, making allegations and asking for relief which would be appropriate to the plaintiff in a representative capacity, but not as an individual, is properly disallowed, when there is no offer to amend the petition by making the same one in the name of the plaintiff in a representative capacity.

2. A judgment overruling a demurrer to a foreclosure proceeding filed against a person in both an individual and representative capacity, and which raises the question that the mortgagor in his representative capacity had no right to create the lien, is conclusive upon the mortgagor both as an individual and in his representative capacity.

Argued June 20, — Decided July 18, 1901.

Exceptions to auditor's report. Before Judge Estes. Habersham superior court. September 12, 1900.

*W. T. Crane, T. S. Bean*, and *Robert McMillan*, for plaintiff.

*H. H. Perry, C. L. Bass, J. B. Jones*, and *J. J. Bowden*, for defendants.

COBB, J.　Anna E. LaPierre filed in the superior court an equi-table petition against H. H. Webb and Susan M. Webb, setting up that certain trust property in which she was interested as life-ten-ant and her children as remaindermen had been sold, and that a portion of the funds arising from such sale had been paid to the defendants, and praying for an accounting by the defendants of the sums so received; and also praying that a certain mortgage which had been executed by the plaintiff individually and as trustee be declared void and delivered up to be cancelled.　Subsequently to the filing of this suit, Susan M. Webb filed in the superior court against Anna E. LaPierre, individually and as trustee, a proceeding to foreclose the mortgage just referred to.　To the foreclosure pro-ceeding the defendant filed a demurrer, one ground of which was that she had no authority to execute the mortgage as trustee.　This demurrer was overruled.　After answers had been filed in each case, an order was passed referring both the equitable petition and the foreclosure proceeding to an auditor, who was by an order per-mitted to hear the cases together, and make only one report or two reports, as he deemed best; but there was no order consolidating the two cases.　The cases were heard by the auditor, and he made one report, but dealt with each case separately therein.　To the report Anna E. LaPierre filed certain exceptions of law, which were overruled, and she filed a bill of exceptions assigning error upon the judgment overruling her exceptions.

When the case was called in this court a motion was made to dismiss the writ of error, upon the ground that it appears from the record that the plaintiff in error has attempted to bring to this court two separate cases on one writ of error.　While the bill of exceptions refers to two cases, and while there are in the transcript of the rec-ord copies of the record in each of the cases, after a careful exam-ination of the bill of exceptions in the light of the record, we are satisfied that, properly construed, the bill of exceptions does not attempt to bring under review the rulings made in both of the cases, but that the only rulings complained of are those which were made in the case of the equitable petition brought by Anna E. LaPierre against H. H. and Susan M. Webb, and that the references in the bill of exceptions to the other case are merely explanatory, and no assignment of error in the bill of exceptions can be properly applied to the judgment rendered in the foreclosure proceeding.　The bill

of exceptions recites at the beginning, where it is usual to designate the case which is sought to be brought to the court by a bill of exceptions, that "there came on to be tried, in the case of Anna E. LaPierre *vs.* H. H. Webb and Mrs. Susan M. Webb, certain exceptions to an auditor's report, said case having been an equitable petition," etc., and then proceeds to state that that case, "together with a proceeding to foreclose a mortgage, brought by Mrs. Susan M. Webb against Anna E. LaPierre," had been referred to an auditor, etc. The assignments of error in the bill of exceptions are upon the overruling of exceptions to the auditor's report. There is no assignment of error in reference to anything done in the foreclosure proceeding; and notwithstanding the bill of exceptions is confused and by no means clear, we are of opinion that a fair construction of it shows that it was not the intention of the pleader to bring before this court for review any other case than that of the equitable petition filed by Anna E. LaPierre against the Webbs.

So construing the bill of exceptions, the first assignment of error to be dealt with is that which complains that the court erred in overruling that exception to the auditor's report which complains of the ruling of the auditor sustaining the demurrer of the defendants to the amendment offered by the plaintiff to her petition. This amendment was offered before the auditor after the case had been referred. The case as originally brought was one by Anna E. LaPierre in her individual capacity. While there were a number of allegations in the petition in reference to a trust estate of which she was trustee and in reference to the interests of her children under a trust deed, the suit was by her solely in her individual capacity, and under her original petition she was entitled to no relief whatever except such as might be necessary to protect her in her rights as an individual in the property and transactions referred to in the petition. In the amendment offered she was still proceeding as an individual, but attempting to set up rights as trustee for her children in the property referred to in the original petition, and the relief prayed for by her was that which was appropriate if she had brought the action in her representative capacity. Keeping in mind that the suit was by Anna E. LaPierre as an individual and not in her representative capacity, it appears that the amendment was properly disallowed, for the reason that there was nothing therein which authorized any relief to her in her individ-

ual capacity, and the averments in the amendment and prayers thereof were those which would be appropriate if the suit had been brought by her in her representative capacity as trustee for her children.   There was no offer to amend by changing the capacity in which she sued to one as trustee, which it seems might have been done; the code declaring that in an action by or against an individual the pleadings may be amended by inserting his representative capacity.   Civil Code, § 5106.   See also *Higdon* v. *Heard*, 14 *Ga.* 255 (1); *Poole* v. *Hines*, 52 *Ga.* 500; *Tift* v. *Towns*, 63 *Ga.* 240.

The defendants in the foreclosure proceeding having filed a demurrer raising the question as to whether Anna E. LaPierre as trustee had authority to execute the mortgage, and this demurrer having been overruled by the judge before the case was referred to the auditor, the auditor held that this ruling concluded Anna E. LaPierre from raising any question in the equitable petition, even if it could be properly raised there, as to the right of the trustee to create a lien by mortgage upon the trust property.   This ruling of the auditor was also excepted to.   We think the auditor ruled correctly, and that the judge committed no error in overruling the exceptions filed to his report on this ground.   Anna E. LaPierre being a party to the foreclosure proceedings in her individual capacity as well as her capacity as trustee, a judgment rendered in that proceeding would bind her in another controversy between her and the parties to the foreclosure proceeding; and as the equitable petition which prayed for the cancellation of the mortgage was one by Anna E. LaPierre in her individual capacity, a judgment on demurrer in the foreclosure proceeding is binding upon her individually, and also concludes her as to any right or interest she might have as an individual to bring in question her right as trustee to create a lien by mortgage on the trust property.   Her children, not being parties to the equitable petition, of course are not bound by any judgment rendered therein, and how far they may be bound by the judgment rendered in the foreclosure proceeding, to which they were not parties, is a question which can not be properly determined in the present controversy.

The foregoing deals with all of the questions which we think can be properly determined under the bill of exceptions as we have construed the same.

*Judgment affirmed.    All the Justices concurring.*