## TUCKER *v.* MURPHEY.

1. When a partnership is dissolved by the purchase by one partner of the interest of another, and the contract of dissolution provides that the purchasing partner shall pay the debts of the firm, the outgoing partner is entitled to bring suit against the purchasing partner as soon as he fails to pay any of the matured debts of the firm.
2. In a case of the character above referred to, the outgoing partner is not entitled to an injunction to restrain the purchasing partner from selling or incumbering his property, even though he may be about to move, or may be causing his property to be removed, beyond the limits of the State, or is fraudulently disposing of the same for the purpose of defeating the payment of the debts of the firm.  The remedy in such a case is either by attachment or writ of ne exeat, according to the circumstances of the case.

Argued January 22,—Decided February 6, 1902.

Petition for injunction.  Before Judge Reagan.  Fayette superior court.  October 28, 1901.

*W. B. Hollingsworth* and *Hugh M. Dorsey*, for plaintiff in error. *J. W. Wise* and *J. F. Golightly*, contra.

COBB, J.  This was application for injunction, filed by Murphey against Tucker, and the allegations of the petition were in substance as follows : The parties had been engaged in the mercantile business as partners under the firm name of J. E. Tucker & Company.  The firm was dissolved by the plaintiff selling his interest to the defendant, who took charge of the business and agreed to pay all of the debts of the firm and to relieve the plaintiff from liability on such debts.  The defendant has failed to pay the debts of the firm, and there are two suits pending on debts due by the firm. The defendant is selling or attempting to sell all of his property and preparing to move beyond the limits of the State; and upon information and belief it is charged that he has sold out his interest in the mercantile business, and the same has not been paid for, and unless restrained he will dispose of all of his property and leave the State.  Plaintiff will be responsible for such portions of the debts of the firm as remain then unpaid.  The prayers of the petition

were, that the defendant be enjoined from selling his property or incumbering the same, that a receiver be appointed, for general relief, and for process. At the hearing the defendant showed, as cause for not granting the relief prayed for, a demurrer which had been filed to the petition, setting up that there was no equity in the petition, and that the plaintiff had adequate and complete remedies at law by attachment and other processes. The judge granted the injunction prayed for, but provided that the same might be dissolved by the defendant upon his entering into a bond with good security in a given amount to indemnify the plaintiff against loss on account of the debts referred to in the petition. To this judgment the defendant excepted.

There was no equity in the petition which authorized the granting of an injunction. If the defendant was actually removing, or about to remove, beyond the limits of the county, or was causing his property to be removed beyond the limits of the State, an attachment might issue against him at the instance of the plaintiff for whatever sum was necessary to discharge the debts of the firm which the defendant had failed to pay, as he had contracted to do. Civil Code, § 4510. The contract entered into between the plaintiff and the defendant at the time the firm dissolved was one by which the defendant obligated himself to pay the debts of the firm, and in such a case there is a breach of the contract whenever the partner agreeing to pay the debts fails to do so, and the outgoing partner can maintain a suit without having paid anything himself. The rule is otherwise when the contract is simply one of indemnity, or to hold the partner harmless; in which case no right of action arises in favor of the outgoing partner until he has either paid voluntarily or been compelled to pay debts against the payment of which he had been indemnified. 1 Bates, Part. § 239; 2 Id. § 636. See, in this connection, *Harvey* v. *Daniel*, 36 *Ga.* 562. According to the allegations of the petition, the defendant assumed all of the obligations of the firm and agreed to pay its debts. Such being the case, the moment he failed to pay any of the debts when they became due and payable the plaintiff had a right of action against him on the contract, and could bring suit to recover, as damages for the breach of the contract, whatever sum was necessary to protect him from liability on account of the debts which the defendant had failed to pay. This being true, under the allegations of

the petition, if the defendant was in a position where an attachment could be sued out against him, the plaintiff was in a position where he could cause the same to be issued. The allegations of the petition show that there are two suits pending upon debts due by the firm, which it is alleged the defendant agreed to pay; and under the principle above referred to, if the defendant was liable to attachment, the plaintiff could bring his action for whatever sum was necessary to pay these debts. The petition does not refer specifically to any other debts except the two above mentioned. There is a general averment that the plaintiff believes there are other debts unpaid, but this averment is too vague and indefinite to be considered. In any view, the plaintiff was not entitled to an injunction against the defendant to prevent him from alienating or incumbering his property, even if he was about to remove, or was causing his property to be removed, beyond the limits of the State; for the reason that in such a case he had an adequate remedy at law by causing the property of the defendant to be attached.

But even if the contract of dissolution was such as not to authorize an immediate suit, either by attachment or otherwise against the defendant, if he was seeking to remove beyond the limits of the State, the remedy of the plaintiff was not an application for injunction, but for a writ of ne exeat, which the code declares will issue to restrain a person from leaving the jurisdiction of the State, in favor of a partner against his copartner equally or partly responsible with him for any duty to be performed, or at the instance of any person legally or equitably interested in property about to be removed, where no adequate remedy is afforded at law, provided the applicant for the writ will show that he has no adequate remedy at law, and that the defendant is either removing or about to remove, beyond the limits of the State, himself or his property, or the specific property to which the applicant claims title or in which he claims an interest. Civil Code, §§ 4886 – 7. See also, in this connection, *Reed* v. *Barber*, 110 *Ga.* 524. In cases where the writ of ne exeat is applicable as a remedy, the party entitled to the issuance of such writ is not entitled to an injunction. *Bleyer* v. *Blum*, 70 *Ga.* 558 (1), 562. See also *Old Hickory Co.* v. *Bleyer*, 74 *Ga.* 201 (1*h*), 209. If the defendant is about to remove himself beyond the limits of the county, his property is subject to attachment at the instance of the plaintiff. If he is about to remove his property beyond the

limits of the State, his property is also subject to attachment at the instance of the plaintiff. If he is about to remove himself beyond the limits of the State, and is carrying either his own property or property in which the plaintiff is legally or equitably interested, he may be restrained by the writ of ne exeat; and if he is about to remove beyond the limits of the State, leaving undischarged any duty which he owes to another jointly with the plaintiff as his former partner, he may also be restrained by the writ of ne exeat. If he is not attempting to move beyond the limits of the county, or to remove himself or his property beyond the limits of the State, but is simply selling and disposing of his property in due course of business, or otherwise, the plaintiff is no more entitled to an injunction against him than any creditor would be entitled to enjoin his debtor from disposing of his property simply because he is apprehensive that the debtor may place himself in a position where the creditor will eventually lose his debt. Of course, if the defendant is fraudulently disposing of his property, or is threatening or preparing to do so, for the purpose of avoiding the payment of his debts, those due to the plaintiff growing out of the contract entered into when the firm was dissolved being among the number, the plaintiff has a remedy by attachment against the defendant's property. Civil Code, § 4543. In no event is the plaintiff, under the allegations of his petition, entitled to an injunction against the defendant to restrain him from alienating or incumbering his property, and the court erred in granting the injunction.

At the hearing objection was made by the defendant to the attorney representing the plaintiff appearing in that capacity, for the reason that the attorney had represented the defendant in a matter relating to the sale of the stock of goods in which he had acquired the interest of the plaintiff when the firm was dissolved, and that facts alleged in the petition came to the knowledge of this attorney on account of this relationship of attorney and client having existed between them. Of course, nothing is better settled than that an attorney who acquires knowledge of the affairs of another pending the relationship of attorney and client between them can not use such knowledge afterwards to the detriment of his former client. An attorney who has been on one side of litigation will not be allowed to take a position in subsequent cases where the knowledge derived from his former client might be used to the

prejudice of such client.    See *Burnside* v. *Terry*, 51 *Ga.* 186 (2);
*Brown* v. *Matthews*, 79 *Ga.* 1 (3); *Conley* v. *Arnold*, 93 *Ga.* 823 (1);
*Stone* v. *Minter*, 111 *Ga.* 45 (1), and authorities cited.    In the
present case, however, the judge heard evidence as to whether the
attorney for the plaintiff was disqualified from appearing in that ca-
pacity on account of having been formerly attorney for the defend-
ant, and the evidence certainly authorized, even if it did not de-
mand, the finding of the judge that the relationship of attorney
and client between the plaintiff's attorney and the defendant had
never existed as claimed.    The judgment of the trial judge on this
question will not be disturbed.

*Judgment reversed.    All the Justices concurring.*