## THOMAS *et al. v.* RICHARDS.

Where A enters into a contract with B, wherein he assumes the payment of certain notes made by B, maturing at different dates, the failure to pay any single note is a breach of the contract by A, and B may maintain a suit thereon without having paid the matured note. Such a contract is severable, and B would be limited in his recovery to the amount of the notes matured and unpaid by A at the time of the bringing of the suit.

Argued January 19,—Decided February 19, 1906.

Complaint. Before Judge Gober. Pickens superior court. April 26, 1905.

John B. Thomas and Mrs. M. J. Thomas brought suit against S. L. Richards, and alleged: On August 20, 1904, petitioners entered into a contract with defendant, whereby they sold him their

interest in the Howser Hotel, at Dawsonville, Ga., in consideration of which Richards paid to petitioners $269.09 in cash, and assumed the payment of certain notes made by petitioners to W. G. Baber, amounting to $275, and notes made by petitioners to J. W. Eaton, amounting to $400. The dates of maturity of the notes were not alleged. It was alleged that the defendant failed to pay any of the notes. The defendant demurred generally, that the petition set forth no cause of action, as it was not shown that the notes were due, nor that the petitioners had paid any of them. To meet special demurrers, the dates of the maturity of the Eaton notes were added by amendment, which showed that two of the notes, for $100 each, were past due, and two notes, for $100 each, not due, at the time of the filing of the petition. The general demurrer was sustained and the petition dismissed; and the plaintiffs excepted.

*N. A. Morris* and *Isaac Grant,* for plaintiff.
*John W. Henley* and *F. C. Tate,* for defendant.

COBB, P. J. (After stating the foregoing facts.) In his contract with the plaintiffs Richards assumed the payment of certain notes, and undertook to pay them at maturity. When any single note matured and Richards failed to pay it, this was a breach of his contract, and an action thereon would lie against him. It was not necessary for the other parties to the contract to delay suit until all of the notes had matured, because the contract was severable. "If a contract be entire, but one suit can be maintained for a breach thereof; but if it be severable, or if the breaches occur at successive periods in an entire contract (as where money is to be paid by installments), an action will lie for each breach; but all the breaches occurring up to the commencement of the action must be included therein." Civil Code, §3793. Nor was it a condition precedent to the bringing of the action that the maker had paid the matured notes which the defendant had assumed. The contract of Richards was not one of indemnity; it was not to hold the maker harmless, but to pay the notes when due. The plaintiffs were damaged when their liability arose at the maturity of the notes by reason of Richards' breach of his contract to pay the notes. In *Tucker* v. *Murphey,* 114 *Ga.* 663, it was said: "The contract entered into between the plaintiff and the defendant at the time

the firm dissolved was one by which the defendant obligated himself to pay the debts of the firm, and in such a case there is a breach of the contract whenever the partner agreeing to pay the debts fails to do so, and the outgoing partner can maintain a suit without having paid anything himself. . . According to the allegations of the petition, the defendant assumed all of the obligations of the firm and agreed to pay its debts. Such being the case, the moment he failed to pay any of the debts when they became due and payable the plaintiff had a right of action against him on the contract, and could bring suit to recover, as damages for the breach of the contract, whatever sum was necessary to protect. him from liability on account of the debts which the defendant had failed to pay." We think, however, that the plaintiffs would be entitled to recover only upon the notes which had matured when the suit was brought. It will be noticed in the decision just quoted that it is said the plaintiff could "bring suit to recover, as damages for the breach of the contract, whatever sum was necessary to protect him from liability on account of the debts which the defendant had failed to pay." There can be no failure of payment on the part of the defendant until the note, payment of which was assumed, has matured. The plaintiff has been damaged only in the sum in which he is liable by reason of the defendant's failure to pay the matured notes. See *Keen* v. *McAfee,* 116 *Ga.* 730.

The petition, as amended, set forth a cause of action, and the judgment sustaining the demurrer was erroneous.

*Judgment reversed. All the Justices concur.*