## STOKES, administrator, v. ROBERTSON.

1. A purchaser of an interest in real estate gave to the vendor two promissory notes for a part of the purchase-price, and took a bond for title. Later he sold and transferred his interest to a third party, who entered into a written contract with him, in which the transferee agreed to pay off and discharge the notes given by the original purchaser, "and deliver the same" to him "as fast as they mature." The transferee paid one of the notes, but failed to pay the other at maturity. *Held*, that this constituted a breach of the contract, and the other party thereto could bring suit for such breach without first paying the note.

   (*a*) In such a suit the measure of recovery by the plaintiff would be the amount of the payment which should have been made, and for which the plaintiff was liable.

2. After such breach of the contract as just indicated, and after the death of the transferee, suit was brought against his administrator. The petition alleged that the administrator as such had injured and damaged and was indebted to the plaintiff in the sum stated, by reason of a breach of the contract by the intestate. The prayer for process mentioned the individual name of the administrator, without referring to his representative capacity. The process stated that the defendant (naming the administrator), "administrator," was required to be and appear, etc. *Held*, that the petition and process were amendable so as to show that the defendant was sued as administrator, and not as an individual.

3. In a case of the character indicated in the first headnote, there was no error in admitting in evidence the unpaid note which the intestate had agreed to pay.

4. There was no error in rejecting evidence on behalf of the defendant, tending to show that the original payee of the note was claiming it, and that the defendant did not feel safe in paying it, where it was claimed by more than one party, unless it was presented for payment. This was not an equitable petition in the nature of a bill of interpleader, but a suit on a breach of contract.

5. In such a case there was no error in rejecting from evidence the returns of the administrator of the person who agreed to pay the notes of the plaintiff, when offered by the defendant for the purpose of showing that the administrator had distributed the entire estate before the note was presented for payment.

JULY 17, 1915.

Complaint. Before Judge Gilbert. Marion superior court. July 16, 1914.

E. H. Robertson bought from W. B. Matthews an interest in certain property and gave in part for the purchase-price two promissory notes, one for $1,375, falling due January 1, 1909, and one for $2,000, falling due January 1, 1910. On August 27, 1908, he sold such interest to R. H. Stokes. In consideration of the sale Stokes agreed "to pay off and discharge said notes of Matthews

46

against Robertson, and to deliver the same to said Robertson as fast as they mature." Stokes paid the first-mentioned note, but failed and refused to pay the second. Robertson demanded that J. R. Stokes, as administrator of the estate of R. H. Stokes, pay the note. In February, 1913, Robertson brought suit against J. R. Stokes as administrator of R. H. Stokes, deceased, alleging these facts, and that the plaintiff would be required to pay the remaining note "presently as a matter of legal duty." An amendment to the petition was allowed, over objection; and a demurrer to the petition was overruled, as was also a motion to dismiss. The presiding judge directed a verdict for the plaintiff. A motion for a new trial was overruled, and the defendant excepted.

In the original suit it was alleged that J. R. Stokes "as administrator" of the estate of R. H. Stokes, deceased, was indebted to the ·plaintiff in the sum of $2,000. Process was prayed against J. R. Stokes. An amendment of this allegation and of the process was allowed.

*W. D. Crawford* and *W. B. Short,* for plaintiff in error.

*Moore & Pomeroy, Hall & Roberts,* and *Guerry & Son,* contra.

LUMPKIN, J. (After stating the foregoing facts.)

1. The contract on which suit was brought was not merely one of indemnity, but contained a direct agreement on the part of the decedent to pay off and discharge the notes given by Robertson as fast as they should mature. A failure to pay one of the notes at maturity constituted a breach of the contract, and the plaintiff could bring suit thereon. He was not obliged to pay the note before bringing suit. If he was thus entitled to sue, for what amount could he bring his suit? In *Thomas* v. *Richards,* 124 *Ga.* 942 (53 S. E. 400), where one person entered into a contract with another, by which he assumed the payment of certain notes made by the latter, maturing at different dates, the failure to pay any single note was held to be a breach of the contract, and the other party to it was held to be entitled to recover. In Gage *v.* Lewis, 68 Ill. 604, it was said: "Where a bond is given, intended as a bond of indemnity, but containing a covenant that the obligor will pay certain debts for which the obligee is liable, and the obligor fails to perform, an action lies for the breach, and the obligee is entitled to recover the sums agreed to be paid, although it is not shown that he has been damnified, unless from the whole instrument it manifestly

appears that its sole object was a covenant of indemnity." See Alderman *v.* Rivenbark, 96 N. C. 134 (1 S. E. 644) ; 3 Elliott, Con. § 2205.

2. If an action be brought against an administrator as an individual, the pleadings may be amended by inserting his representative capacity, and making the necessary averments showing that the debt is chargeable to the estate. Civil Code (1910), § 5690; *Poole* v. *Hines,* 52 *Ga.* 500. There was no error in allowing the amendment to the petition and to the process. The petition alleged that J. R. Stokes, as administrator of the decedent, was indebted to the plaintiff. The prayer was that process should issue against J. R. Stokes. The process referred to the defendant as "J. R. Stokes, administrator."

3. There was no error in admitting in evidence the unpaid note. Its production showed its existence, and tended to show that it had not been paid.

4. There was also no error in rejecting evidence on behalf of the defendant, tending to show that Matthews, the original payee in the note, was claiming it, and that the defendant did not feel safe in paying it, where more than one party was claiming it, unless the note was presented for payment; and that Matthews was demanding payment of the note. The suit was not based upon the note itself, but upon the agreement between Stokes, the decedent, and the plaintiff. If the case was a proper one for filing an equitable petition for interpleader, the defendant might have done so. But the mere fact that there was some difference as to who was the owner of the note was not a defense to the action upon the contract made by the defendant to pay it.

5. The defendant offered in evidence his returns as administrator, for the purpose of showing a distribution of the entire estate before the note was presented for payment, and that more than twelve months had elapsed after his appointment before distribution. The returns were rejected from evidence. An administrator is allowed twelve months from the date of his qualification to ascertain the condition of the estate. Creditors failing to give notice within that time lose all right of equal participation with creditors of equal dignity to whom distribution is made before notice of such claim is brought to the administrator. Civil Code (1910), § 3997. See also *McMillan* v. *Toombs,* 79 *Ga.* 143 (4 S. E. 16) ; *Lanier* v.

*Huguley,* 91 *Ga.* 791, 795 (18 S. E. 39). Here the defendant had actual notice of the note of Robertson and the agreement by his intestate to pay it. He testified that he made inquiry in regard to it, and was informed by the plaintiff that the latter did not know where it was; that the defendant heard that Matthews had it, and wrote to Matthews, requesting that it be sent to a bank for inspection, but was informed that it belonged to the wife of Matthews, who had placed it in the hands of one Shivers as collateral security for a loan. The defendant further testified that he told the present plaintiff that he expected to sell the property, for a part of the purchase-price of which this note had been given, and that if Robertson would find the note he would pay it; and also that Matthews told him that the note was not paid. Thus, according to his own evidence, the defendant knew of the existence of the note, and that it was not paid, though his intestate had contracted to pay it. He utilized, as a part of the assets of the estate, the land which his testator had purchased from the plaintiff. No question of priority of debts arises, but the administrator desires to escape from the obligation of the contract of his intestate because the note made by Robertson to Matthews, which Stokes agreed with Robertson to pay, was not presented for payment promptly to the administrator of Stokes, and he did not know where it was. His evidence showed no such state of facts as would have authorized the jury to find in his favor. There was no error in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*