17683.   SPALDING CONSTRUCTION COMPANY *v.* SIMON.

The petition set forth a cause of action, and the special demurrers, where not met by amendment, were properly overruled.

DECIDED APRIL 16, 1927.

Breach of contract; from city court of Savannah—Judge Freeman.   September 7, 1926.

Simon sued Spalding Construction Company for $10,937.88, alleging by his petition as amended that the defendant had agreed to sell him a certain tract of land with improvements to be erected thereon by the defendant according to certain plans and specifications, at a price of $15,000.   The petition as amended alleges, that under the terms of the written agreement the plaintiff was to pay to the defendant $2,000 in cash, and give three notes aggregating the principal sum of $13,000, it being provided by the agreement that after the erection of the improvements the defend-

Building and Construction Contracts, 9 C. J. p. 706, n. 85; p. 811, n. 20; p. 866, n. 18; p. 867, n. 32 New.

Damages, 17 C. J. p. 710, n. 1; p. 727, n. 2; p. 859, n. 65, 66.

ant was to obtain a loan of $8,000 on the premises, to be applied as payment on the purchase-money notes given by the plaintiff to the defendant, after which the property was to be conveyed by the defendant to the plaintiff. The plaintiff alleges that he gave to the defendant two notes, one for $4,850 and the other for $4,000, aggregating the principal sum of $8,850, and that he paid to or for the defendant on the purchase-price the sum of $6,113.26 in cash, and by amendment sets up the items paid to remove laborers' and materialmen's liens on the improvements, the construction of which was contemplated by the agreement, it being alleged that a copy of the plans and specifications is not attached to the petition for the reason that they are in the possession of the defendant and beyond the control of the plaintiff. It is alleged that the notes referred to were traded off by the defendant prior to maturity, and that judgment has been obtained thereon against the plaintiff, and that he is now liable for the amount thereof, with interest, costs, and attorney's fees. It is also alleged that the defendant procured a loan of $8,150 on the premises, which sum, with interest, still constitutes an outstanding lien on the property, but that instead of applying the proceeds of the loan to the extinguishment of the notes, as provided for by the contract, the defendant appropriated the same to his own use. The suit is for the difference between the contract price of $15,000 and the cost of the premises under the procedure adopted by the defendant. The petition as amended shows that prior to the date of the contract, May 6, 1920, the improvements contemplated by the agreement consisted of two bungalows, and that on May 6, 1920, "it was decided by all parties that they would abandon this agreement and all matters relating to the two bungalows," and would construct, in lieu thereof, an apartment building, as set out by the contract attached to the petition as exhibit A. There is also attached to the petition, as exhibit B, a letter from defendant to plaintiff, dated May 6, 1920, designated a supplemental agreement, which is accepted by the plaintiff and provides: "It is understood and agreed that all prior agreements entered into by the parties, as evidenced by agreement of even date herewith, are cancelled. The apartment building agreed to be constructed by the new plan is to be finished according to the original specifications, with the addition of storm sheathing, which is to be placed on all outside

walls. The apartment to be delivered ready for occupancy on or before September 15th, subject to conditions and delays unavoidable and beyond the control of the contractor."

The defendant filed general and special demurrers, contending, (1) that, while the petition indicates that the plaintiff has paid $6,113.26, and that the property has become liable for the loan placed thereon in the sum of $8,150, the petition fails to indicate that the plaintiff has paid off the judgments obtained against him on the notes given by him to the defendant, which, under the agreement, were to be extinguished by the proceeds of the loan on, the premises; (2) that in the absence of the plans and specifications, attached to the petition, the plaintiff can not be allowed credit for payments made to various persons for work done and materials furnished and made necessary for the completion of the building in compliance with such plans and specifications; and (3) that the exhibits attached to the petition show that the contract sued on, and attached as exhibit A, was cancelled by the subsequent agreement, designated a supplemental agreement, and attached as exhibit B.

*McIntire, Walsh & Bernstein,* for plaintiff in error.

*Oliver & Oliver,* contra.

JENKINS, P. J. (After stating the foregoing facts.)

1. "Damages are given as compensation for the injury sustained." Civil Code (1910), § 4390. Where no agreement fixing the amount of damages in case of the breach of a contract is embraced in the contract itself, the damages accruing to either party by reason of a breach are such as will compensate him for the injury sustained. While we have been unable to ascertain from the petition how the precise amount sued for has been arrived at, under the allegations of the petition the plaintiff would be entitled to recover the difference between the contract price and the actual cost to him of the premises contracted for by the agreement. This would not include interest on such deferred payments, represented by the lien on the premises, as were contemplated by the agreement, but would include each and every element of damage directly occasioned by the alleged breach of the defendant's agreement.

2. The plaintiff, having alleged a compliance with the terms of his own obligation, is entitled to recover the amount of the

judgments obtained against him upon obligations remaining of force on account of the alleged breach of the defendant's duty according to the terms of the agreement. *Thomas* v. *Richards,* 124 *Ga.* 942 (53 S. E. 400) ; *Tucker* v. *Murphey,* 114 *Ga.* 662, 663 (40 S. E. 836).

3. The petition having alleged that the plans and specifications were not attached thereto by reason of the fact that they were beyond the control of the plaintiff and in the possession of the defendant, it was not demurrable on account of their not being set forth.

4. The third ground of demurrer is without merit, since the only reasonable construction of the statement contained in exhibit B, providing "it is understood and agreed that all prior agreements entered into by the parties, as evidenced by agreement of even date herewith, are cancelled," is that it refers to the previous agreement with reference to the construction of the bungalows, and does not mean that the parties were left without any agreement.

> *Judgment affirmed. Stephens and Bell, JJ., concur.*