### 17684. SPALDING CONSTRUCTION COMPANY
### *v.* STERNBERG.

Under the rulings in *Spalding Construction Co.* v. *Simon*, ante, 723, the petition stated a cause of action, and the court did not err in overruling the general demurrer. The special demurrer is dealt with in the opinion.

    DECIDED APRIL 16, 1927.

Breach of contract; from city court of Savannah—Judge Freeman. September 7, 1926.

Sternberg sued Spalding Construction Company for $7,213.83, alleging by his petition as amended that the defendant had agreed to sell to the plaintiff a certain tract of land with improvements to be erected thereon by the defendant according to plans and specifications attached to the petition, at the price of $7,150. The petition as amended alleges that under the terms of the written agreement the plaintiff was to pay $2,000 in cash and execute two notes, one for $4,500 and the other for $650, the note for

Building and Construction Contracts, 9 C. J. p. 811, n. 20; p. 866, n. 18.
Damages, 17 C. J. p. 859, n. 65, 66.

$4,500 to be retired from a loan to be placed upon the property at seven per cent. interest, payable quarterly. It is alleged that plaintiff paid the $2,000 in cash as provided by the agreement, and executed the notes mentioned, and paid out the further sum of $744.10 to complete the work undertaken by the defendant according to the contract. It is alleged that the notes referred to were traded off by the defendant prior to maturity, and that judgment has been obtained thereon against the plaintiff, and that he is now liable for the amount thereof with interest, costs, and attorney's fees. It is also alleged that the defendant procured a loan of $4,500 on the premises, which sum, with interest, constitutes an outstanding lien against the property, but that instead of applying the proceeds of the loan to the plaintiff's note for $4,500, as provided by the contract, the defendant appropriated the same to his own use. The suit is for the difference between the contract price of $7,150 and the cost of the premises under the procedure adopted by the defendant. The contract attached to the petition as exhibit A provides in part as follows: "Upon the delivery of the notes herein provided said parties agree to execute the usual contract adopted by said party of the first part with reference to the sales and building contracts of this character, and upon the full performance of the agreements contained in said contract and the payment of the sums provided for therein, said party of the first part will execute and deliver to said party of the second part a warranty deed to the above-described property."

The defendant demurred generally and specially, special grounds of the demurrer being, (1) that no copy of the contract provided for in the quoted provision of the contract attached to the petition is annexed to the petition, and (2) that while the petition indicates that the plaintiff has paid $2,744.10, and that the property has become liable for the loan placed thereon in the sum of $4,500, the petition fails to allege that the plaintiff has paid off the judgments obtained against him on the notes set out, one of which was to be extinguished by the proceeds of the loan on the premises; and (3) that no itemized statement of the sums alleged to have been expended by the plaintiff in completing the building according to the contract was annexed to the petition. The plaintiff amended by setting forth an itemized account of the expenditures claimed, and by attaching a second copy of the contract attached

to the original petition as exhibit A, which is alleged to be an agreement for title, and by attaching a copy of the plans and specifications for the building identified in the original contract. It does not appear, from the allegations of the petition, that any contract other than the agreement attached to the petition as exhibit A was ever executed between the parties.

*McIntire, Walsh & Bernstein,* for plaintiff in error.

*Oliver & Oliver,* contra.

JENKINS, P. J. (After stating the foregoing facts.)

Under the rulings this day made in *Spalding Construction Co.* v. *Simon,* 36 *Ga. App.* 723, the petition as amended set forth a cause of action, and the court did not err in overruling the general demurrer. While the defendant would be liable for the damages resulting from its misapplication of the proceeds of the loan placed upon the property, and from its failure to complete the building according to the terms of the contract, it is not liable for the amount of the judgment rendered against the plaintiff on the note for $650, which, under the terms of the contract, the plaintiff himself was to discharge. Accordingly, the 6th ground of the demurrer should have been sustained. The remaining grounds of the demurrer are without merit. While the contract sued on contains a provision for the subsequent execution of a sale and building contract upon the plaintiff's delivery to the defendant of the notes provided for by the agreement sued on, and provides for the delivery of a warranty deed by the defendant to the plaintiff upon his complying with the sale and building contract, yet since it appears from the petition that the sale and building contract sued on is complete in all respects itself, and constitutes, of and within itself, a full and complete sale and building contract, including plans and specifications for the building which was to be constructed, and is the contract under which the parties operated and under which both continued to operate, the petition must be understood to mean that no such additional superfluous agreement covering the same ground as the contract sued on had been executed, or was intended to be executed. Consequently, the petition was not demurrable for its failure to set forth any such additional agreement.

*Judgment affirmed. Stephens and Bell, JJ., concur.*