23634. DETRICK *v.* TRUST COMPANY OF GEORGIA, trustee, etc.

DECIDED SEPTEMBER 22, 1934.

*G. H. Cornwell, W. C. Munday,* for plaintiff in error.
*Crenshaw & Hansell, Henry Ware, Warren Cox,* contra.

STEPHENS, J. In the petition of the Trust Company of Georgia in a suit against Miss Julia Detrick, which is in two counts, it is alleged in each count that the plaintiff, as successor trustee under the will of Calvin W. Hunnicutt, acquired from its predecessor trustee, George H. Gillon, a chose in action of George H. Gillon as trustee, by which the defendant was indebted to the plaintiff in the sum of $750, that George H. Gillon sold a tract of land to Julia Detrick for the sum of $1500, that the contract of sale, which was an agreement for the execution by the seller of a bond for title, provided that $750 of the purchase-price was to be paid by the purchaser's "assumption of [a] loan in favor of the Fidelity First Mortgage Company," and also the deed to the property made afterwards by the plaintiff, as trustee, to Julia Detrick, which provided that the deed is "made subject to an outstanding loan of $750 in favor of the Fidelity First Mortgage Company, which loan the purchaser assumes and agrees to pay," that the defendant is now in possession of the property described in the deed, and is indebted to the plaintiff in the sum of $750. In the first count it is alleged that the defendant has not satisfied or discharged the loan of $750 in favor of the Fidelity First Mortgage Company which the defendant assumed. It is not alleged that this debt had become due. In the second count it is alleged that the Fidelity First Mortgage Company was "a dummy corporation entirely owned and controlled by George H. Gillon," that there is no loan upon the property to the Fidelity First Mortgage Company in the sum of $750, and that the defendant has not paid or discharged a loan of $750 in favor of the Fidelity First Mortgage Company. It is in each count alleged that the defendant is indebted to the plaintiff in the sum of $750, and judgment in this sum is prayed for. A third count was stricken on demurrer. The above are substantially the material allegations.

Each count of the petition was demurred to upon the ground that no cause of action was set up, and that only equitable rights and remedies, which are not cognizable in the municipal court of Atlanta, a court of law, were sought to be enforced. The petition was also demurred to upon the ground that it failed to set out any loan deed or mortgage or other evidence of the alleged loan which the

defendant assumed. There are other grounds of demurrer in which there is exception to the failure of the petition to set out any order of the superior court appointing the petitioner trustee. There is, however, no demurrer upon the ground that it does not appear from the petition that the amount of the alleged loan assumed by the defendant had become due and that the defendant had failed to pay the same, or to pay the plaintiff. The demurrer to each count of the petition was overruled. To the judgment overruling the demurrer the defendant excepted.

■ Where a purchaser agrees with the seller to pay, as part of the purchase-money, an existing indebtedness of the seller to another person, the failure of the purchaser to pay the debt when it becomes due constitutes a breach of the contract, for which the seller, without paying the debt himself, may recover of the purchaser damages in the amount of the debt. *Tucker* v. *Murphey,* 114 *Ga.* 662 (40 S. E. 836) ; *Thomas* v. *Richards,* 124 *Ga.* 942 (53 S. E. 400) ; *Stokes* v. *Robertson,* 143 *Ga.* 721 (85 S. E. 895).

■ A contract to pay, as part of the purchase-price, an indebtedness of the seller to another person is a contract to pay money for the seller's benefit; and where the debt contracted to be paid is nonexistent, the purchaser is nevertheless under a contractual obligation to pay the amount thereof for the seller's benefit, which can be discharged only by a payment of the amount to the seller. The failure of the purchaser to pay the amount contracted for when due under the terms of the contract, constitutes a breach of the contract, for which the seller may recover of the purchaser in the amount which the purchaser contracted to pay.

■ The terms of the contract which evidences the seller's indebtedness are not material, unless for the purpose of showing whether the debt of the seller which the purchaser had assumed became due, and the purchaser in failing to pay it breached his contract with the seller. In a suit by the seller against the purchaser, to recover for an alleged breach of the contract by the defendant's failure to pay the plaintiff's debt, where the petition fails to allege that the debt of the plaintiff became due, but alleges that the defendant is indebted to the plaintiff in an amount equal to that of the plaintiff's debt, the allegation of indebtedness by the defendant to the plaintiff is, as against a general demurrer, good as an allegation that the plaintiff's debt assumed by the defendant had

become due. Where there is no special demurrer to the petition on the ground that there is no allegation that the debt of the plaintiff had become due, the contents of the loan deed, mortgage, or other evidence of this indebtedness, are immaterial. There is, therefore, no merit in the demurrer to the petition upon the ground that the contents of the loan deed, mortgage, or other evidence of the debt, are not set out.

There are other grounds of special demurrer, but, as they relate to immaterial allegations in the petition, they are not material. Each count of the petition sets out a cause of action, and is good against the demurrer. The court therefore did not err in over-ruling the demurrer.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*