THE SWIFT SPECIFIC COMPANY *et al. vs.* DAVIS, administratrix.

[This case was argued at the last term, and the decision reserved.]

1. Whether section 2967 of the Code, which provides that "no action for a tort shall abate by the death of either party where the wrong-doer received any benefit from the tort complained of," applies to actions of libel and slander or not. *Quære?*
2. If libel and slander be so included, the benefit which will cause an action therefor to survive the death of the plaintiff, must be one flowing immediately from the tort, and not one derived from others not connected therewith. Where the benefit was alleged to have arisen from profits derived from the sale of a certain medicine by reason of the publication of the libel, this was not sufficient.
(a.) This differs from the case in 56 *Ga.*, 159.

March 9, 1886.

Torts. Actions. Libel. Before Judge HAMMOND. Fulton Superior Court. March Term, 1885.

*The witness was the wife of the owner of the stolen property. The defendant was tried on a special presentment.

Mrs. Annie P. Stewart brought her action for libel against the Swift Specific Company and J. W. Rankin to recover damages for a publication in which the defendants detailed a conversation between the plaintiff, her daughter and a newspaper reporter, in which it was stated that the plaintiff had been bitten by a cat; that she exhibited symptoms similar to those in a case of hydrophobia, imitated a cat, would get on all-fours, trying to catch rats, etc., and that she was cured in a wonderful manner by a certain patent medicine sold by the defendants, known as S. S. S. It was alleged that this publication was false and malicious, and tended to bring the plaintiff into contempt and ridicule.

Pending the case, the plaintiff died, and Mrs. Louisa Davis was appointed her administratrix. She petitioned to be made a party, and that the action be revived and proceed in her name. It was alleged that the defendants were benefited by the publication, in that the sale of their medicine was largely increased by reason of the announcement of the cure claimed to have been effected by it.

The court granted the petition and allowed the administratrix to be made a party. The defendants excepted.

REED, REINHARDT & O'NEILL; HAYGOOD & MARTIN, for plaintiffs in error.

REUBEN ARNOLD, for defendant.

BLANDFORD, Justice.

The question in this case is, whether §2967 of the Code, which provides that " no action for a tort shall abate by the death of either party where the wrong-doer received any benefit from the tort complained of," applies to actions for libel and slander, and whether the same applies in this case.

1. By the common law and the laws of this state up to the adoption of the Code, when a party to an action for

libel or slander died, the action died, and whether it was the intention of the codifiers to change the rule of the common law may be doubted.

The paragraph of the Code quoted is found in chapter 1 of title 8, treating of torts or injuries to persons or property, denominated " General Principles," which chapter treats of torts generally, but in which libel or slander is not mentioned. Libel and slander are not mentioned until section 1, article 2, chapter 2, which treats of injuries to reputation, —libel and slander and malicious prosecution, in which no reference is made to the action not abating. Actions of this character are not encouraged by the law, as is evidenced by requiring the action to be brought within twelve months from the time the cause of action originated, and not after; also by not allowing the plaintiff to recover more costs than damages.

2. But admit that §2967 is broad enough to cover libel and slander, and it is very broad, by that section the wrong-doer must receive a benefit from the tort; it must be a benefit flowing from and out of the tort complained of; it must not be a benefit derived from others not connected with the tort, but it must be a benefit flowing immediately from the injury inflicted, as was the case in 56 *Ga.*, 159. There the wrong-doer overflowed the lands of the complainant, thereby doing him an injury. The court held that, inasmuch as the wrong-doer was benefited by the tort, in that the raising the water on his neighbor's land (the tort) gave him increased water power, the action did not abate by the death of the plaintiff. In that case, the benefit was the immediate result of the injury, but in the case now being determined, the benefit, if any, received by the wrong-doer is alleged to be profits derived from the sale of a certain medicine by reason of the publication of the libel. The two cases are different; in the one case the benefit was immediate, and in the other it is consequential and remote. So, whether the section is applicable to cases of libel and slander or not, under the facts of this case, the

section did not prevent the case from abating by the death of the plaintiff, and the court erred in allowing the administrator of the dead person to be made a party.

Judgment reversed.