Frazier *v.* The Georgia Railroad & Banking Company.

Atkinson, J.—1. The father has no right of action under the act of October 27th, 1887 (Acts 1887, p. 43), for the homicide of a minor child, if the mother was in life at the time of the homicide. If, in such case, she died without bringing an action for the homicide, no such right of action survived to, or was conferred upon, the father by the above recited act.

2. Construing all together the allegations of the plaintiff's declaration, it was manifestly intended to be an action for the homicide of his minor son, and cannot be construed as an action for the services of such son.                              *Judgment affirmed.*

August 16, 1895.   Brought forward from the last term.

Action for damages. Before Judge Reese. Taliaferro superior court. August term, 1894.

The declaration alleges, that the railroad company has damaged the plaintiff in the sum of $6,500; for that he is the only surviving parent of a minor son Willie Frazier, who on January 7, 1892, became a passenger on the company's train. Then follow allegations in detail, showing that, either of wilful purpose or from gross negligence of the conductor of the train, the boy was forced off the same while it was running at a high speed, whereby he was killed; and "that by reason of the death of his said son, he has been damaged and injured as aforesaid, your petitioner being dependent upon the services of his said son, who annually contributed services

of the value of one hundred and fifty dollars to your petitioner." It appears from the evidence, that the boy's mother was alive when he was killed, but was dead when this suit was filed. Also, that he was eleven or twelve years old, not very well developed mentally or physically; he had never been on a railroad train before; he could work on a farm; plaintiff had never hired him out, but his services were worth four or five dollars per month to his father; his schooling was free, and his board and clothing were the only expenses of his support. There was evidence as to the circumstances of the homicide, which need not be stated here. A non-suit was granted on the ground that the evidence showed no cause of action.

SAMUEL H. SIBLEY, for plaintiff. JOSEPH B. & BRYAN CUMMING and M. P. REESE, for defendant.