FRAZIER, administrator, *v.* GEORGIA RAILROAD AND BANKING COMPANY.

1. Where a parent, entitled to bring an action of tort for the homicide of a son, dies without having instituted suit, the right of action does not survive to the administrator of such parent.
2. The act of the General Assembly approved October 22, 1889 (Acts 1889, p. 73), which is entitled: "An act to amend section 2967 of the Code of Georgia, so as to prevent abatement of actions ex delicto in certain cases, where either of the parties may die pendente lite," saves pending actions only, and for that purpose its provisions are within the scope of its title; but in so far as it purports to create in the personal representatives of a deceased person a cause of action, it contravenes that clause of the constitution of this State which prohibits the passage of an act which refers in its title to more than one subject-matter, or which contains matter different from that expressed in the title.

3. In the present case the action was brought by the administrator of the deceased parent for damages resulting from the homicide of a minor child, and was therefore properly dismissed on demurrer.

Argued April 14, — Decided May 7, 1897.

Action for damages. Before Judge Reese. Taliaferro superior court. February term, 1896.

*Samuel H. Sibley*, for plaintiff.

*Joseph B. & Bryan Cumming* and *M. P. Reese*, for defendant.

SIMMONS, C. J. Willie Frazier was killed in 1892, by alleged negligent acts of the Georgia Railroad and Banking Company. He left surviving him his mother who, it is alleged, was dependent upon him for support. The mother died shortly after the son, and had before her death brought no action for his homicide. Alex. Frazier was appointed administrator upon the mother's estate, and he began an action against the railroad company to recover, for the benefit of the mother's estate, the value of the son's life. To the petition the defendant demurred on the ground that no cause of action had survived the mother to be prosecuted by her administrator. The trial judge sustained the demurrer and dismissed the action, and to this the plaintiff excepted.

1. The act of 1887 (Civil Code, § 3828) gives a mother the right to bring an action for the homicide of her son upon whom she is dependent or who contributes to her support, unless the son leave a wife or children. If the mother had lived and brought her action and had then died pending the action, under the act of 1889 (Civil Code, § 3825) the action would not have been abated by her death, but her administrator could have been made a party and prosecuted the suit to judgment. She having died before the suit was instituted, her right of action did not survive to her administrator.

2. It is contended, however, by our able and learned young brother, that, although the action was not brought in the lifetime of the mother, under the act of 1889 (Civil Code, supra) the right of action did survive to the administrator, under that clause of the act which declares that "such cause of action, in case of the death of the plaintiff, shall, in the event there is no right of survivorship in any other person, survive to the per-

sonal representative of the deceased plaintiff." We think that the legislature, in passing this act, did not intend that it should apply to a case like the one now under consideration, but that their intention was, as expressed in the title to the act, to declare that where a mother had begun her action and died during the pendency thereof, and there was no right of survivorship in any other person, the administrator should be allowed to prosecute the suit to judgment. The title of the act is as follows : "An act to amend section 2967 of the Code of Georgia, so as to prevent abatement of actions ex delicto in certain cases, where either of the parties may die pendente lite." This shows that the intention was to save *pending* actions only, and not to give an additional right to the personal representative. The body of the act declares that no action for a tort shall abate by the death of either party, that in case of the death of the plaintiff the action shall survive to his personal representatives, and in case of the death of the defendant the action shall survive against his personal representatives. The use of the words " party," " plaintiff" and " defendant" clearly shows that the intention of the legislature was to provide for pending actions only. The words " plaintiff" and " defendant" are inapplicable except where the action has been already commenced. There can be legally no plaintiff or defendant unless a suit or action of some kind has been filed in some court. The words " cause of action . . shall . . survive to the personal representative of the deceased plaintiff," construed in the light of the title of the act and of the phraseology of the act itself, mean, in our opinion, that the *action*, rather than the *cause of action* shall survive. Construed in this way, the act is constitutional and in harmony with its title ; but if we are wrong in this view of it and the act really purports to give a *right* of action to the administrator, we should be compelled to hold that the act contains two subject-matters and contravenes that clause of our constitution which prohibits the passage of an act containing matter different from that expressed in the title. The title of the act deals only with pending actions. The act, construed as contended for by counsel for the plaintiff in error, would give the right to the personal representative to bring an action in

his own name although the mother died without ever having instituted suit. This would be a matter different from that expressed in the title, which would make that portion of the act, if construed according to the contention of counsel, unconstitutional. We think, therefore, that the act saves only actions pending at the time of the death of the deceased party.

3. No action having been commenced by the mother, and the one now under consideration having been brought by her administrator, the trial judge committed no error in sustaining the demurrer and dismissing the suit.

*Judgment affirmed. All the Justices concurring, except Fish, J., disqualified.*