## ·KING v SOUTHERN RAILWAY COMPANY.

1. For a negligent injury to a minor, causing loss of services and entailing expenses of medicine and nursing, the right of action is in the father, if he be alive at the time of the injury.

2. If for such a tort a right of action accrued, it did so immediately upon the happening of the injury, and was in the father, although he may have been injured at the same time with the child, and may have lived only a short time thereafter.

3. In such a case, if a right of action arose to the father, and he died before any suit was brought, the cause of action did not survive to the mother of the child.

Submitted July 18,—Decided November 15, 1906.

Action for damages. Before Judge Kimsey. Habersham superior court. September 9, 1905.

Mrs. Josephine King brought suit against the Southern Railway Company, seeking to recover damages on account of a personal injury to her daughter fourteen years of age. It was alleged, that the plaintiff, her husband, and her daughter were traveling on a public road in a buggy, and while crossing the railroad of the defendant they were struck and injured by its locomotive and cars; that the defendant's agents were negligent in running the train at a speed of from forty to sixty miles an hour, in failing to blow the whistle of the locomotive at the blow-post, or between the post and the crossing, and in failing to check the speed of the train in approaching the crossing; that plaintiff's daughter was injured for life and rendered incapable of performing any service; and the plaintiff had been put to expense for medicine, attention, etc. In the original petition it was alleged, that at the time the daughter received the injury, plaintiff's husband was killed, and that at the time of the suit the plaintiff was a widow and had the care and maintenance of her daughter, and was entitled to her services. By amendment the following allegation was made: "That petitioner is entitled to the services of her said daughter, and is largely dependent upon her said daughter for a support, all of which petitioner has been deprived of by reason of said injuries to her said daughter; that petitioner's said husband lived about one hour after said accident; that since said time the care of her said daughter has devolved upon your petitioner." Defendant's counsel moved to dismiss the petition as amended, on the ground that it set out no cause

of action, and that it showed that the father of the girl was in life at the time when she was injured, and for some time thereafter. The motion was sustained, and the plaintiff excepted.

*W. S. Pickrell, Howard Thompson* and *Reuben R. Arnold,* for plaintiff. *John J. Strickland,* for defendant.

LUMPKIN, J. (After stating the facts.)

1. The exact question made is, where a father, mother, and minor daughter were in a buggy passing over a railroad crossing, and the father and daughter were injured by the running of a train, and the father died about an hour afterwards, did the mother have a right of action against the railroad company on account of the injury to the minor daughter? The suit was not brought by the daughter for permanent injuries to herself, or by the mother as her next friend, but by the latter in her own behalf, based on loss of services and necessary expenses prior to the arrival of the daughter at the age of twenty-one years. The question stated may be divided into two others: First, at the time of the injury to the daughter, to whom did the cause of action arise? And second, if to the father, upon his death in a short time thereafter, did the right survive to the mother?

The first of these questions is answered by the Civil Code, § 3816, which reads as follows: "Every person may recover for torts committed to himself, or his wife, or his child, or his ward, or his servant." This is only a codification of the pre-existing law, and the basis of the suit is loss of services and necessary expenses. *Shields* v. *Yonge,* 15 *Ga.* 349, 356; *Central Railroad Co.* v. *Brinson,* 64 *Ga.* 476; Civil Code, § 2502. If a right of action accrues at all on account of a personal injury, it arises immediately upon the occurrence thereof. The damages may continue for years or be permanent in character; but the right to sue arises at once. This being so, and the father being in life at the time of the injury to his minor daughter, the right of action on account of the loss to him during her minority vested in him. It is said that, because he was hurt at the same time and died about an hour later, the injury and the death should be treated as coincident. But we can find no authority for such a contention. He was actually alive for an hour after the occurrence. If compos mentis, he could have made a will or a deed, or could have settled with the railroad for the damage accruing to him from the injury to his daughter. In

that brief hour he might possibly have sued, or been sued and served. If the daughter had been killed and had left an estate, there can be no doubt that the father would have inherited along with brothers ,and sisters, if any, under the Civil Code, § 3355, par. 6, which declares that "The father, if living, inherits equally with brothers and sisters, and stands in the same degree. If there be no father, and the mother is alive. she shall inherit in the same manner as the father would."

Can it be said that, because he lived only a short time, he could have been treated as not alive at all, and that in the supposed case of the daughter's death before he himself died, the mother would have inherited in his stead? We are unable to hold a man who is actually alive, and has so many legal rights, to be dead in contemplation of the law, relatively to the particular right involved in this case. A person can not at once be actually both alive and dead; and one who has been hurt by a railroad train can not for that reason be treated as civiliter mortuus. The Civil Code, § 2503, provides that "Upon the death of the father, the mother is entitled to the possession of the child until his arrival at such age that his education requires the guardian to take possession of him." She takes the custody of the child, however, as she finds it at the death of the father, and this statute gives no right of action on account of prior personal injury to the child. It may seem to be somewhat of a hardship that an injured child may be left with the mother, upon the death of the father, and that she can not sue for the previous injury to it; and the shortness of the time during which the father lived may make this view more striking. But we can not change the law on account of sympathy. If the fact that the father lived for an hour only would create a cause of action in the mother which did not otherwise exist, how would it be if he had lived for six hours, or a day, or a week, or a year, or indeed for any time less than that in which the child would become of age? In any of these supposed cases the same argument, that the mother was left in possession of an injured child (supposing the injury to be permanent as alleged), would equally apply. The difference would be one only of degree, not of kind. It is also sought to bring the case within the rule that, where a wife is living separate from her husband, who has abandoned her and a minor child, and she has the entire care and custody of it, she is entitled to maintain an action

for injuries negligently inflicted upon it.  But it has been expressly held that this rule applies only to injuries inflicted upon the child after the separation took place, and by reason of which she is deprived of its services.  *Savannah, F. & W. Ry. Co.* v. *Smith,* 93 *Ga.* 742; *Amos* v. *Atlanta R. Co.,* 104 *Ga.* 809, 814; Civil Code, § 2475.

In England, under the common law, the general rule as to personal actions was expressed in the maxim "actio personalis moritur cum persona;" but actions on contracts express or implied survived.  The maxim was considered as applying to actions in form ex delicto exclusively; but all actions founded in tort did not abate. But a series of statutes, beginning with 4 Edward III, c. 7, in relation to personal property, and extending down to a late date (see statute of 3-4 William IV, c. 42 (2), in respect to personalty and realty), various actions arising from torts were made capable of surviving.  Blackstone, in his Commentaries (vol. 3, p. 302), states the rule thus:  "In actions merely personal, arising ex delicto, for wrongs actually done or committed by the defendant, as trespass, battery, and slander, the rule is that actio personalis moritur cum persona; and it shall never be revived either by or against the executors or other representatives."  In *Pettus* v. *Ison,* 11 *Ga.* 151, it was held that, where an action of trespass was brought for a direct and forcible injury to the property of the plaintiff, against the defendant, who died pending the suit, the action abated by his death, and could not be revived against his personal representative. In *Brawner* v. *Sterdevant,* 9 *Ga.* 69, where the plaintiff brought his action for the seduction of his daughter, containing an allegation "per quod servitiam amisit," and the defendant died pending the suit, it was held that the suit abated, and could not be revived by scire facias.  See also *Neal* v. *Haygood,* 1 *Ga.* 514; *Thompson* v. *Central R.,* 60 *Ga.* 120, 122.  The rule as declared by the common-law authorities and decisions in this State was thus codified in the original code (which took effect in 1863), § 2909:  "No action for a tort shall abate by the death of either party where the wrong-doer received any benefit from the tort complained of."  This was carried forward into the Code of 1882, § 2967.  It was held that the benefit to a wrong-doer which would cause an action of tort to survive the death of the plaintiff must be one flowing immediately from the tort.  *Swift Specific Co.* v. *Davis,* 76 *Ga.* 787.  In

1889 the legislature amended that section by making an addition to it in the following language: "Nor shall any action for the recovery of damages for homicide, injury to person or injury to property abate by the death of either party; but such cause of action, in case of the death of the plaintiff, shall, in the event there is no right of survivorship in any other person, survive to the personal representative of the deceased plaintiff, and in case of the death of the defendant, shall survive against said defendant's personal representative." Acts 1889, p. 73. The original section with this addition is now embodied in the Civil Code of 1895, § 3825. This amendatory act does not provide for a survival of the cause of action to the mother. Moreover it was construed in the case of *Frazier* v. *Georgia R. Co.,* 101 *Ga.* 77, in which it was held, that "Where a parent, entitled to bring an action of tort for the homicide of a son, dies without having instituted suit, the right of action does not survive to the administrator of such parent." It was said that "the intention was to save *pending* actions only, and not to give an additional right to the personal representative." This construction was repeated in the opinion delivered on behalf of the majority of the court by Chief Justice Simmons in *Southern Bell Tel. Co.* v. *Cassin,* 111 *Ga.* 581. And while Justices Cobb and Lewis dissented from the judgment rendered by the majority, the dissenting opinion was not based on this particular point. Similarly, under section 3828 of the Civil Code, which provides that the mother, or if no mother the father, may recover for the homicide of the child, it has been held that, if the mother is in life at the time of the homicide of the child, and dies before suit is brought, no right of action survives to the father or is conferred upon him. *Frazier* v. *Georgia R. Co.,* 96 *Ga.* 785.

If, as we have endeavored to show, upon the happening of the injury to the minor child the right of action arose in favor of the father, upon his death, though only an hour afterwards, the cause of action did not survive to the mother; and it follows that where these facts appeared upon the face of the petition, there was no error in dismissing it on motion.

*Judgment affirmed. All the Justices concur.*