1937.   PEEBLES, administrator, *v.* CHARLESTON AND WESTERN CAROLINA RAILWAY COMPANY.

1. "Where a parent, entitled to bring an action of tort for the homicide of a son, dies without having instituted suit, the right of action does not survive to the administrator of such parent."
2. Section 3825 of the Civil Code, to prevent abatement of actions ex delicto in certain cases where either of the parties may die pendente lite, applies only to suits actually pending at the death of the party.
3. The general rule that a day in law is an indivisible point and that fractions thereof will not be regarded in the computation of time is not applicable where the exact time is necessary to the existence of a right, and can not be invoked to prevent an abatement of a suit ex delicto filed in the name of a plaintiff, who, at the exact time of filing,

had been dead for three hours. The actual facts, and not the legal fiction, in such case must prevail.

Action for damages; from city court of Richmond county—Judge Eve. May 3, 1909.

Submitted July 16, 1909.—Decided January 15, 1910.

*Austin Branch,* for plaintiff.    *W. K. Miller,* for defendant.

HILL, C. J. John E. Dunnington brought suit against the Charleston & Western Carolina Railway Company to recover damages for the homicide of his son, Winfield S. Dunnington. An amendment to the petition was allowed, making Peebles, as administrator of John E. Dunnington, party plaintiff; in which amendment it was alleged that the party plaintiff died on the 12th day of June, 1908, at about 1.40 p. m.; and an amendment was also allowed correcting the entry of the filing of the petition from June 13, 1908, to June 12, 1908, it being alleged that the petition was actually lodged in the clerk's office at about 4.30 or 5 o'clock in the afternoon on the 12th of June, 1908. The railway company demurred to the petition as amended, on the ground that it appears that John E. Dunnington had no suit pending at the time of his death that could be renewed by his administrator; that John E. Dunnington having died June 12, 1908, at 1.45 p. m., he could not sue this defendant by filing a petition at 4.30 p. m. of that day; that if the suit was filed through an attorney previously employed, at 4.30 p. m. June 12, 1908, such attorney was not authorized at that time to file suit, as his authority to do so ended with the death of John E. Dunnington on June 12, 1908, at 1.45 p. m. The court sustained the demurrer, and this is assigned as error.

If we consider the suit as commenced June 12, 1908, at 4.30 p. m., the time when the petition was alleged to have been lodged in the office of the clerk of the city court of Richmond county by Dunnington's attorney, it follows that the suit was actually filed three hours after the death of the plaintiff, and that no suit was in existence at the time that the petition was filed; and no suit was pending against the railway company prior to the death of Dunnington which his administrator could renew or to which he could be made a party. The question is fully settled by the Supreme Court in the case of *Frazier* v. *Ga. R. Co.,* 101 *Ga.* 77 (28 S. E. 662), the first headnote of which is as follows: "Where a parent, entitled to bring an action of tort for the homicide of a son, dies without having in-

stituted suit, the right of action does not survive to the administrator of such parent." In the body of the opinion it is said that the act of 1889, now embodied in §3825 of the Civil Code of 1895, was intended to save *pending* actions only, and not to give an additional right to a personal representative. The body of the act declares that no action for a tort shall abate by the death of either party, but in case of the death of the plaintiff the action shall survive to his personal representative, and in the case of the death of the defendant the action shall survive against his personal representative. The use of the words "party," "plaintiff," and "defendant" clearly shows that the intention of the legislature was to provide for pending actions only. The words "plaintiff" and "defendant" are inapplicable except where the action has been already commenced. This case is cited with approval in the case of *King* v. *Southern Ry. Co.*, 126 *Ga.* 798 (55 S. E. 965, 8 L. R. A. (N. S.) 544), and also in the case of *Southern Bell Tel. Co.* v. *Cassin,* 111 *Ga.* 581 (36 S. E. 881, 50 L. R. A. 694). See also *Frazier* v. *Georgia R. Co.,* 96 *Ga.* 785 (22 S. E. 936). The learned counsel for plaintiff in error endeavors to escape the application of §3825 of the Civil Code as construed by the decisions cited, by insisting that the law knows no fraction of a day, but that any legal action taken any time within the period of twenty-four hours is referred back by operation of law to the first moment of the day on which the act was done; and he cites many decisions sustaining the general rule that fractions of a day are not considered in legal computation of time, and that the day an act is done or an event occurs must be wholly included or excluded. It is true as a general rule that a day, in legal consideration, is punctum temporis, and the law knows no fraction of time, but considers a day as a continuous period of twenty-four hours, commencing at midnight as the unit of measure. But this legal fiction that a day is an indivisible point of time is not always adhered to, and is never adhered to if to do so would work injustice. And where the precise hour when an act is done becomes material in ascertaining and determining the relative rights of persons, this legal fiction would not prevail as against the truth. When rights attach from the doing of acts or the failure to do acts, the event must be regarded, and the time of the event is the controlling fact. The rule of law that a day is an indivisible point without fractional parts is strictly

applicable only to public acts or commercial transactions in which the exact time is not material.   It is not applicable to private transactions in which the equation of time fixes relative rights. Lord Mansfield, in Comb *v.* Pitt, 3 Burr. 1423, says that "while the law does not in general allow of the fraction of a day, it admits it in cases where it is necessary to distinguish, and the very hour may be shown where it is necessary and can be done;" and in the matter of Welman, 20 Vt. 655 (Fed. Cas. 17407), it is said that "the rule does not prevail in questions concerning merely the actions of parties, where it becomes necessary to distinguish or ascertain which of several persons has a priority of right; as where the question is as to the time of suing out a writ or delivering a declaration; in short, in most, if not all, questions respecting private transactions."   We think, therefore, that the rule can not be invoked to establish a right as against the explicit language of the statute, which declares that an action must be pending when the plaintiff dies, as a condition precedent to the survival of such action or to the renewal thereof.   Sections 3825 and 5016 of the Civil Code provide that before a suit can be renewed by an administrator or personal representative, it must appear that the suit existed before the death of the plaintiff.   The suit must have been pending at the time of his death.   The legal fiction that a day is an indivisible point of time can not destroy the actual truth shown by the allegations of the petition as amended, that when the suit in the name of John E. Dunnington was filed in the clerk's office at 4.30 p. m. on June 12, 1908, the plaintiff had then been dead for three hours. But we do not think that the application of the legal fiction would help the plaintiff in error; for if we should assume that John E. Dunnington died the first instant of June 12, 1908, rather than at 1.30 p. m., then the same fiction would necessitate the assumption that his suit was filed the first instant of June 12, 1908, rather than at 4.30 p. m.   In other words, the legal fiction would make the filing of the suit and the time of death concurrent and simultaneous, and the conclusion would inevitably follow that the suit could not be pending when death took place.   The suit must have been filed in court by the plaintiff or his attorney before the plaintiff's death, and not simultaneously therewith.   The court did not err in sustaining the demurrer and dismissing the suit.

*Judgment affirmed.*