SMITH *v.* JONES, administrator.

ATKINSON, J. At common law a cause of action for a personal tort abated on the death of the tort-feasor. This rule was modified by statute (Civil Code, § 4421), so that it should not apply in case of the death of the defendant. The phraseology of that section leaves it plain that the exception was limited to cases where action had been instituted against the tort-feasor before his death. If the tort-feasor died before

suit against him, the cause of action did not survive. See *Frazier* v. *Georgia R. Co.*, 101 *Ga.* 77 (28 S. E. 662); *Southern Bell Tel. Co.* v. *Cassin*, 111 *Ga.* 581 (36 S. E. 881, 50 L. R. A. 694); *King* v. *Southern Ry. Co.*, 126 *Ga.* 798 (55 S. E. 965, 8 L. R. A. (N. S.) 544); *Peebles* v. *Charleston & Western Carolina Ry. Co.*, 7 *Ga. App.* 279 (66 S. E. 953.)                  *Judgment affirmed. All the Justices concur.*

SEPTEMBER 24, 1912.

Action for damages. Before Judge Felton. Bibb superior court. March 2, 1911.

*Oscar J. Coogler, Leon C. Greer,* and *Dorsey, Brewster, Howell & Heyman,* for plaintiff.

*Anderson, Felder, Rountree & Wilson* and *Hardeman, Jones, Callaway & Johnston,* for defendant.