5233, 5259.   SEWELL, administrator, *v.* ATKINSON *et al.*, receivers; and *vice versa.*

RUSSELL, C. J. 1. At common law a cause of action for a personal tort abated with the death of the person in whom the right of action was vested. The General Assembly, in varying the rule of the common law, evidently intended to prevent the abatement of actions for personal injuries, pending at the time of the death of either party, and expressly declared that in case of the death of a plaintiff in such an action the "cause of action" shall survive to the personal representative of the deceased plaintiff, if there is no right of survivorship in any other person. Civil Code, § 4421. This rule in derogation of the common law must of course be construed strictly, but the intention of the legislature must nevertheless be given effect, and it must be presumed that the use by the General Assembly of the term "cause of action," in the exception as to pending actions, was not unintentional or ill-advised.

2. There was no material error in the trial; and though the verdict of $250 in favor of the plaintiff was small, it does not appear that in awarding this amount the jury were influenced by prejudice or bias;

and since the finding of the jury has the approval of the trial judge, the judgment refusing a new trial will not be reversed.

*Judgment affirmed on both bills of exceptions.*

POTTLE, J., dissenting. At common law a cause of action for a personal tort abated with the death of the person in whom the right of action was vested. The rule of the common law is of force in this State, except where modified by statute. Section 4421 of the Civil Code was intended to save pending actions only. Where, therefore, a mother brought an action for the tortious homicide of her son, and died pending the action, the right to continue the action rested in the legal representative. The cause of action did not, however, survive, and on dismissal of the pending suit a new suit could not be brought by the administrator, either within the ordinary period of limitation or under the statute allowing suits which have been dismissed or nonsuited to be renewed within six months. *Peebles* v. *Charleston & Western Carolina Ry. Co.*, 7 *Ga. App.* 279 (66 S. E. 953); *Frazier* v. *Georgia R. Co.*, 101 *Ga.* 77 (28 S. E. 662); *King* v. *Southern Railway Co.*, 126 *Ga.* 794 (55 S. E. 965, 8 L. R. A. (N. S.) 544).

DECIDED FEBRUARY 4, 1914.

Action for damages; from city court of Greenville—Judge Revill. September 15, 1913.

Henry Sewell was killed by a locomotive on the Atlanta, Birmingham & Atlantic Railroad on December 25, 1910, and his mother, Mrs. Ophelia Sewell, on January 31, 1911, brought an action against the receivers of the railroad company, for damages on account of the homicide. She died in July, 1911, the administrator of her estate was made plaintiff in the action, and in August, 1912, the court, on motion of counsel for the plaintiff, dismissed the action. On September 30, 1912, the administrator filed the present suit, alleging that it was a renewal of the dismissed action. The defendants demurred, on the grounds, among others, that there was no right of action in the plaintiff as administrator, and that "any rights which the plaintiff had as administrator, in connection with the suit formerly brought by the plaintiff's intestate, terminated when the plaintiff voluntarily dismissed the previous action." In the cross-bill of exceptions the defendants except to the overruling of the demurrer. In the main bill of exceptions the plaintiff excepts to the overruling of his motion for a new trial, in which it is alleged that the verdict for $250 against the defendants is inadequate, and that the court erred in various rulings and instructions stated.

As to survival of the cause of action, counsel for the plaintiff cited Civil Code, § 4421.; and counsel for the defendants cited:

1 Comyn's Dig. 7, 72, 74; 3 Bl. Com. 302; *King* v. *Southern Ry. Co.*, 126 *Ga.* 797; 18 Enc. Pl. & Pr. 1126; Lyon v. Park, 23 Jones & S. 539 (55 N. Y. Superior Court, 539); Welch v. Lynch, 30 App. D. C. 122; Wilson v. Darrow, 223 Mo. 520 (122 S. W. 1077); *Frazier* v. *Ga. R. Co.*, 101 *Ga.* 77, 79; *Smith* v. *Jones*, 138 *Ga.* 716; *Southern Bell Tel. Co.* v. *Cassin*, 111 *Ga.* 581, 605-6; *Peebles* v. *C. & W. C. R. Co.*, 7 *Ga. App.* 279.

*N. F. Culpepper*, for plaintiff.

*Rosser & Brandon, Hatton Lovejoy, McLaughlin & Jones*, for defendants.