17789.   MUTUAL LIGHT & WATER COMPANY *v.* CROSBY.

From the evidence the jury were authorized to infer that the killing of. the plaintiff's son by an electric shock when he put his hand on the electric milk-shake mixer was caused by negligence of the defendant in the construction, connection, or maintenance of the wires belonging to its plant.   The doctrine of res ipsa loquitur applies, since the happening of the event established the existence of antecedent negligence which produced the result.

DECIDED MARCH 8, 1927.

Damages; from Glynn superior court—Judge Reed.   October 28, 1926.

Application for certiorari was made to the Supreme Court.

*J. T. Colson, Conyers & Gowen,* for plaintiff in error.

*J. T. Powell, Krauss & Strong,* contra.

BROYLES, C. J.   1.   The exception to the judgment overruling the demurrers to the petition is expressly abandoned in the brief of counsel for the plaintiff in error.

2.   This case is controlled by the decision in *City of Thomas-*

Electricity, 20 C. J. p. 381, n. 20, 23; p. 386, n. 49.

*ville* v. *Jones,* 17 *Ga. App.* 625 (87 S. E. 923). The two cases in all material respects are identical, and, under the rulings in the case cited, the plaintiff in the instant case proved that she was partially dependent upon her deceased minor child and that he contributed substantially to her support. The evidence for the plaintiff (the defendant introduced none) showed also that the deceased was a young, healthy, and vigorous man, with a strong body and heart; that in the performance of his duties in his father's "soft drink" store he put his hand on an electrical milk-shake mixer and was immediately electrocuted and killed; that, while no burn was visible on his hand, there were burned and blistered places on his left chest, over his heart, discolorations on both legs, and burns on the bottoms of both feet; that the proper and safe amount of electrical current to pass over the defendant's wire into the store was 110 to 120 volts, and that the primary wires of the power plant of the defendant carried 2,300 volts. Under this evidence the jury were authorized to infer that a current of electricity of far greater voltage than 120 was passing over the defendant's secondary wire into the store at the instant the deceased placed his hand upon the milk-shaker, and that his death resulted therefrom. And, as was said by this court in the *City of Thomasville* case cited, "since the evidence disclosed that a voltage of 110 to 120 only should have been permitted to circulate, or would have circulated through the secondary wires or circuit if no negligent contact between the primary and secondary wires had occurred, or if the electric-light plant had been properly constructed, the jury had the right to infer that the negligence of the defendant in the construction, connection, or maintenance of the wires belonging to its plant brought about the passage of the highly dangerous and unnecessary current over the secondary circuit, and thereby caused the death of the deceased. The doctrine of res ipsa loquitur applies, since the happening of the event necessarily established the existence of antecedent negligence which produced the result."

The fact that the proof in the case just quoted from showed that a current of electricity of 110 to 120 volts "would be entirely harmless," while in the instant case the evidence was that such a current *might* kill a person *not physically strong and with a weak heart* if he was standing in water or on a wet floor, is, under the

undisputed evidence that the deceased was physically sound and had a strong heart, immaterial and does not affect the above-stated ruling.

3. The verdict was authorized by the evidence, and none of the grounds of the motion for a new trial show cause for a reversal of the judgment below.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*