25414. HARBOUR, administrator, *v.* CITY OF ROME.

DECIDED JULY 9, 1936. REHEARING DENIED JULY 23, 1936.

*Maddox & Griffin,* for plaintiff.

*W. B. Mebane, Maddox, Matthews & Owens,* for defendant.

GUERRY, J. Raymond Harbour as administrator of the estate of Moss Harbour, deceased, brought this action against the City of Rome, alleging that the deceased in his lifetime was the owner of certain property in the City of Rome; that he died in January, 1934; that in 1932 the City of Rome "raised the street and sidewalk in front of the property approximately two feet," causing water to pond on the property; and "that, on account of the facts set forth, the value of said lots has been decreased in the sum of $1000." There follows a recital of particular damage because of consequent rotting of floors and foundations to houses on said lots, and loss of rents and the negligence of the city in failing to put in drains. A general demurrer to this petition was sustained. The demurrer pointed out that the acts alleged occurred before the death of the intestate, and that any cause of action abated with his death. It becomes necessary, in passing on this phase of the case, to determine whether or not the action sounds in tort. A cause of action ex delicto, where no suit has been filed by the injured party, will abate with his death. Code, § 3-505; *Frazier* v. *Ga. R. Co.,* 101 *Ga.* 77 (28 S. E. 662); *King* v. *Southern Ry. Co.,* 126 *Ga.*

794 (55 S. E. 965, 8 L. R. A. (N. S.) 544); *Southern Bell Telephone Co.* v. *Cassin,* 111 *Ga.* 575, 581 (36 S. E. 881, 50 L. R. A. 694); *Peebles* v. *C. & W. C. Ry. Co.,* 7 *Ga. App.* 279 (66 S. E. 953). Some parts of the present petition may be construed as an action for damages for a continuing abatable nuisance, and as such sounding in tort; and there would be no error in sustaining a general demurrer of the character filed in this case, were the whole petition predicated on that kind of damages. There is an allegation in the petition that by reason of a change in grade of the street fronting on this property its market value was decreased in the sum of $1000. "Where a petition is ambiguous in failing to make clear whether the cause of action and remedy relied on is in contract or in tort, generally it will be construed as claiming damages for the tort. But in the absence of special demurrer, where the facts alleged will support either of the forms of action, the courts will presume that the pleader's purpose was to serve his best interest, and will so construe the pleading as to uphold and not to defeat the action." *Monroe* v. *Guess,* 41 *Ga. App.* 697 (154 S. E. 301). Under the constitution of this State, art. 1, sec. 3, par. 1, "Private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid." Code, § 2-301. Before the constitution of 1877, only the "taking" of private property was compensable. *Mayor &c. of Rome* v. *Omberg,* 28 *Ga.* 46 (73 Am. D. 748); *Markham* v. *Atlanta,* 23 *Ga.* 402; *City of Atlanta* v. *Green,* 67 *Ga.* 386. Under our present constitution, private property may not be taken or *damaged* without just compensation being paid. See *City of Atlanta* v. *Green,* supra. In *City Council of Augusta* v. *Lamar,* 37 *Ga. App.* 418 (140 S. E. 763), it was said: "In such a case,—that is, where the public authorities properly erect and properly maintain the improvements authorized by law,—an action in tort is not maintainable by the owner of damaged property on the theory that the act of the public authority amounts to the maintenance of a continuing, abatable nuisance, such as would authorize periodical recoveries for subsequently accruing consequential damages, since 'that which the law authorizes to be done, if done as the law authorizes it to be done, can not be a nuisance.' *Burrus* v. *Columbus,* 105 *Ga.* 42, 46 (31 S. E. 124); *Bacon* v. *Walker,* 77 *Ga.* 336; *Farkas* v. *Towns,* 103 *Ga.* 150, 156 (29 S. E. 700, 68 Am. St. R. 88);

*Towaliga Falls Power Co.* v. *Sims,* 6 *Ga. App.* 749, 754 (65 S. E. 844); *Sheppard* v. *Ga. Ry. & Power Co.,* 31 *Ga. App.* 653 (121 S. E. 868). In such a case the only right of action maintainable is that conferred by the quoted provision of the constitution. *It does not sound in tort,* and the recovery permitted is strictly limited to the direct damage inflicted by diminishing the market value of the property damaged, as measured by the difference in its market value before and immediately after the construction of the public works, excluding all consequential damages subsequently accruing, such as might be recoverable in an action sounding in tort, based on the maintenance of a continuing, abatable nuisance." See also *Bibb County* v. *Green,* 42 *Ga. App.* 552 (156 S. E. 745). In *City of Atlanta* v. *Atlas Realty Co.,* 17 *Ga. App.* 426 (87 S. E. 698), it was said: "Where a change is made by a municipality in the grade of a street, and the market value of real property abutting thereon is thereby decreased, under the provisions of article 1, sec. 3, par. 1, of the constitution (Civil Code, § 6388), the owner has a cause of action against the municipality. *City of Atlanta* v. *Green,* 67 *Ga.* 386, 388; *Moore* v. *Atlanta,* 70 *Ga.* 611; *Mayor &c. of Macon* v. *Daley,* 2 *Ga. App.* 355, 359 (58 S. E. 540), and cases there cited." See also *City of Atlanta* v. *Dinkins,* 46 *Ga. App.* 19 (166 S. E. 429). "The measure of damages to abutting property caused by raising the grade of a street is the difference between the market value of the property before and after the change of the grade." *Mayor &c. of Macon* v. *Daley,* supra. Decrease in rental value may be set up as a circumstance tending to show a diminution in the market value, but is itself no basis of recovery in such a suit. *City of Atlanta* v. *Atlas Realty Co.,* supra. Likewise the cost of filling in lots to raise them to the level of the street may be shown, not as an independent item of special damage, but as a circumstance illustrating diminution of market value. *Williamson* v. *Savannah,* 19 *Ga. App.* 784 (92 S. E. 291). The difference between the market value before the change and after the change is the true measure of damage. *Howard* v. *County of Bibb,* 127 *Ga.* 291 (56 S. E. 418); *Smith* v. *Atlanta,* 22 *Ga. App.* 511 (96 S. E. 334). In the present action, the change of grade of the street abutting on the plaintiff's intestate's property is alleged, and ensuing injury or damage to the property and the value of said lots is alleged to be decreased in a named amount by reason of such

acts. It is true other items are then alleged and additional damages prayed for, which damages are appropriate to a continuing abatable nuisance. In *City Council of Augusta* v. *Lamar,* supra, it was said: "A petition which sets forth a cause of action, including a claim for damages such as would properly flow to the petitioner under the case as laid, but which states a wrong method or measure by which the amount of such damage is arrived at, is subject to special demurrer, but not to a mere general demurrer, since it is permissible, on the trial of the case, to prove the proper damages alleged and to measure them according to the true and correct method. *Ford* v. *Fargason,* 120 *Ga.* 708 (6) (48 S. E. 180); *Bank of Bullochville* v. *Riehle,* 36 *Ga. App.* 470, 474 (137 S. E. 642)." The only damages recoverable in this case are direct damages, such as follow immediately upon the act done. *Sheppard* v. *Ga. Ry. &c. Co.,* supra. The raising of the grade of a public street is necessarily a permanent improvement for the benefit of the city; any damage accruing therefrom is complete upon the performance of the act, and gives rise to the one cause of action, which accrues upon the completion of the work. *Lombard* v. *Augusta,* 101 *Ga.* 727 (28 S. E. 994); *Cobb* v. *Wrightsville & Tennille R. Co.,* 129 *Ga.* 377, 380 (58 S. E. 862); *City of LaFayette* v. *Hegwood,* 52 *Ga. App.* 168 (182 S. E. 860). The action in the present case does not sound in tort, and the administrator of the intestate is not barred from bringing it within the period of the statute of limitations. The petition as a whole was good against general demurrer, and the court erred in sustaining the same.

*Judgment reversed. MacIntyre, J., concurs. Broyles, C. J., dissents.*

Broyles, C. J., dissenting. In my opinion this case is controlled by the decision of the Supreme Court in *Frazier* v. *Ga. R. Co.,* 101 *Ga.* 77 (28 S. E. 662). That decision was cited and approved in *King* v. *So. Ry. Co.,* 126 *Ga.* 798 (55 S. E. 965, 8 L. R. A. (N. S.) 544), *Southern Bell Telephone Co.* v. *Cassin,* 111 *Ga.* 581 (36 S. E. 881, 50 L. R. A. 694), *Peebles* v. *C. & W. C. Ry. Co.,* 7 *Ga. App.* 279 (66 S. E. 953), and *Leathers* v. *Raburn,* 17 *Ga. App.* 437 (87 S. E. 754). In the *Frazier* case it was held that the act of 1889, now embodied in the Code, § 3-505 (which provides that no action for the recovery of damages for homicide, injury to the person, or injury to property, shall abate by the death

of either party, but that such cause of action, in case of the death of the plaintiff, shall survive to the personal representative of the deceased plaintiff), refers only to a suit which has been filed before the death of the person entitled to bring it. In that case the action was brought by the administrator of a deceased parent, for damages resulting from the homicide of a minor child; but, as the suit was filed after the death of the parent, the Supreme Court held that the cause of action did not survive to the administrator of the deceased parent, and therefore the suit was properly dismissed on demurrer. In so deciding the Supreme Court necessarily adjudicated that the suit could not be instituted or maintained under the common law, or any other law, in force in Georgia; and that adjudication is binding on this court.

Nor is the instant suit affected by the provisions of the recent act of 1935 (Ga. L. 1935, p. 94). That act amended the Code, § 3-505, by adding thereto the following provision: "However, in the event of the death of the *wrong-doer* before suit shall have been brought against him, the personal representative of such *wrong-doer* shall be subject to suit just as the *wrong-doer* himself would have been during his life." (Italics mine.) That act refers only to causes of action where the *wrong-doer* dies before suit has been brought against him, and has no reference to a cause 'of action where the injured person dies before he has brought suit against the wrong-doer. Furthermore, the act was passed after the cause of action in this case arose; and to apply its provisions to this suit, if it were possible to do so, would make the statute retroactive and unconstitutional. I think that the judgment should be affirmed.