32020. ROADWAY EXPRESS INCORPORATED *et al.* *v.* JACKSON.

DECIDED JUNE 18, 1948.   REHEARING DENIED JULY 8, 1948.

*John M. Slaton,* for plaintiffs in error.

*Hewlett & Dennis, T. F. Bowden,* contra.

PARKER, J.   Mrs. Ethel P. Jackson sued Roadway Express Inc., as a carrier of goods, wares and merchandise, and Fidelity and Casualty Company of New York, its insurer, for damages for the alleged negligent homicide of her eight-year-old child. The plaintiff died after the filing of the suit and a written motion was made to have Clarence E. Jackson, as temporary administrator on her estate, made a party plaintiff in the suit.   The defendants demurred to the motion on the ground that the law did not allow a temporary administrator to be made a party in a case of this kind, the mother only having the right to sue for the homicide of a child upon whom she was dependent, if living, and if not living, the right of action being in the father; and upon the ground that the action abated upon the death of the mother.   The motion was allowed and the administrator made a party.   A number of special demurrers were also filed by the defendants and overruled.   The defendants excepted to these rulings and brought the case to this court.

The action was brought under the Code, § 105-1307, as

follows: "A mother, or, if no mother, a father, may recover for the homicide of a child, minor or sui juris, upon whom she or he is dependent, or who contributes to her or his support, unless said child shall leave a wife, husband or child. The mother or father shall be entitled to recover the full value of the life of such child." Two statutes contained in the Code are relied upon by the plaintiff to sustain the action of the court in making the administrator a party plaintiff. "When a plaintiff in any cause shall die, the executor or administrator of such plaintiff may be made a party on motion, to be made in writing, of which the defendants or their counsel shall have notice." Code, § 3-401. This is a codification of the act of 1859 (Ga. L. 1859, p. 49). Another statute relating to the survival of actions for tort is in part as follows: "nor shall any action for the recovery of damages for homicide, injury to person, or injury to property abate by the death of either party; but such cause of action, in case of the death of the plaintiff, shall, in the event there is no right of survivorship in any other person, survive to the personal representative of the deceased plaintiff." Code, § 3-505. This is a codification of the acts of 1889 (Ga. L. 1889, p. 73), and 1935 (Ga. L. 1935, pp. 94, 95).

The argument is made that the Code, § 105-1307, specifically providing that the "mother or father shall be entitled to recover the full value of the life of such child" should be restricted to a mother or father and not extended to an administrator. Under the statute the right of action accrued to the mother who was in life when the child died, and the same statute fixes the measure of damages as "the full value of the life of such child." The measure of damages, therefore, is not dependent upon the expectancy of the mother. The amount that may be recovered in an action of this kind, as well as the person who may sue, is determined by the statute as of the date of the death of the child, and if the action survives to an administrator it would seem to do so for all purposes. Other arguments are made as to the legislative intent in enacting the statute under which the suit was brought, but all contentions made by the defendants seem to us to be answered by the statutes quoted respecting the survival of actions. The first of these statutes applies to actions generally and makes no exception so as to exclude a case of this character,

and the second statute seems to apply specifically to an action of this kind. We therefore conclude that it was proper for the court to allow the motion making the administrator a party plaintiff to the action. For cases construing one or more of these statutes see *Sewell* v. *Atkinson,* 14 *Ga. App.* 386 (80 S. E. 862), *Frazier* v. *Georgia Railroad & Bkg. Co.,* 101 *Ga.* 77 (28 S. E. 662), and *Stephens* v. *Columbus Railroad Co.,* 134 *Ga.* 818 (68 S. E. 551).

■ "Except in cases of railway employees injured by the negligence of fellow servants and suing under our statutes governing that subject, contributory negligence is an affirmative defense, and it is generally not necessary for the plaintiff to negative its existence in his petition." *Great Cosmopolitan Shows* v. *Petty,* 7 *Ga. App.* 236 (66 S. E. 624); *Hardwick* v. *Figgers,* 26 *Ga. App.* 494 (106 S. E. 738); *Southern Railway Co.* v. *Slaton,* 41 *Ga. App.* 759 (154 S. E. 718); *Western & Atlantic Railroad* v. *Mathis,* 63 *Ga. App.* 172 (10 S. E. 2d, 457). It was not necessary in this case for the plaintiff to allege that the child was free from fault or was in the exercise of care and caution commensurate with her capacity.

■ The demurrers on the ground that the action against Roadway Express Inc., is in tort, and that the action against Fidelity and Casualty Company is on contract, are without merit. The act approved March 11, 1937 (Ga. L. 1937, p. 727), Code (Ann.), § 68-509 provides that "it shall be permissible to join the motor carrier and the insurance carrier in the same action whether arising in tort or contract." The demurrers are too general to present any question as to the constitutionality of that act. *Sayer* v. *Brown,* 119 *Ga.* 539 (5) (46 S. E. 649).

■ The petition having alleged that no copy of the indemnity insurance policy was in the possession of the plaintiff, and that the original was in possession and control of the defendant carrier, and that the defendant insurance company had a duplicate thereof, the contents of said policy being well known to both defendants, was not demurrable on account of the policy not being attached or set forth therein. *Spalding Construction Co.* v. *Simon,* 36 *Ga. App.* 723 (137 S. E. 901).

■ The demurrers attacking the allegations as to the speed of the defendant's truck, as being too vague and indefinite, are

without merit. The petition alleges that such speed was between 15 and 20 miles an hour. "Reasonable certainty is all that is necessary to render pleadings exempt from attack by special demurrer." *Atlantic Coast Line R. Co.* v. *Davis,* 5 *Ga. App.* 214 (62 S. E. 1022). This ruling applies also to the demurrers to the allegations as to the distance the plaintiff's child had gone from the sidewalk when she was struck, the allegations being that she had proceeded about 24 inches from the curb line; and applies also to the demurrers respecting the width of Lillian Avenue, alleged to be very narrow, from 20 to 25 feet in width.

■ The allegations that the child was struck on the walkway on Lillian Avenue where it intersects Stewart Avenue, and that "the intersection of said highways is in a thickly populated community and is constantly used by persons crossing Lillian Avenue," were not irrelevant and the demurrers thereto were properly overruled.

■ The demurrers to the allegations that it was dangerous for the truck driver to make a left turn into Lillian Avenue without seeing that the crosswalks were clear, and without extending his arm as a signal of the direction in which the vehicle was moving, are not meritorious. The fact that the truck was large and could be easily seen did not dispense with any duty on the part of the driver to exercise care and diligence in operating it, and whether such care was exercised is a jury question.

■ The court did not err in overruling the demurrers to the allegations of the petition that the defendant carrier failed to exercise ordinary care in that its truck was not equipped with a bumper. It was alleged that a bumper would have knocked the child away from the truck and have prevented the injuries resulting in her death. No law requiring a motor vehicle to be equipped with a bumper has been brought to our attention, but we think that whether or not it may have been negligent for the defendant to operate its truck without a bumper was a question for the jury. There may be acts which may be negligent based on the common law, although not made so by statutes, and we can not say as a matter of law that these allegations did not present a jury question.

■ The demurrers to the petition charging negligence in the violation of certain rules promulgated by the Georgia Public

Service Commission, and to the rules as being vague, and indefinite, and in violation of the Constitution of Georgia, were properly overruled. Negligence based on a violation of such rules may be alleged, and this court is authorized to pass upon the constitutionality of a regulation or rule of the Public Service Commission based on the legislative act creating that body. Such a regulation has the effect of law but is not a "State law" within the meaning of the Constitution which gives jurisdiction to the Supreme Court to pass upon the constitutionality of a State law. *Reliable Transfer Co.* v. *May*, 70 *Ga. App.* 613 (29 S. E. 2d, 187). We do not think the rules referred to are unconstitutional for any reason asserted.

■ The demurrers to the allegations that there was a State law prohibiting the operation of a motor vehicle upon any public street or highway at a speed greater than was reasonable and safe, having due regard for the width, grade, and character thereof, were properly overruled under the rulings in *Southern Ry. Co.* v. *Lee*, 59 *Ga. App.* 316 (5) (200 S. E. 569), and *Gainesville Midland Ry. Co.* v. *Vandiver*, 141 *Ga.* 350 (1) (80 S. E. 997).

■ The demurrers to the allegations respecting past and future earning capacity of the child were properly overruled. The jury may consider the earning capacity of the child at the time of her death, and the probability of an increase in her earning capacity, and we see no reason why allegations as to these matters may not be made in the petition. *City of Thomasville* v. *Jones*, 17 *Ga. App.* 625 (3) (87 S. E. 923).

*Judgment affirmed.* *Sutton, C. J., and Felton, J., concur.*